## WILLIAMS v. HARPER.

1. A declaration in debt is good though the sum demanded in its commencement is less than the penalty of the obligation; the statement of a specific sum is unnecessary in the commencement of a declaration in debt, and if stated may be regarded as superfluous.

2. When the condition of an obligation is to make title for land to the obligee on a day certain, and likewise on a contingency which if it happens, is more within the knowledge of the *obligor* than of the *obligee*, in a plea of readiness to perform, it is necessary for the *obligor* to aver notice of the existence of the contingent fact to the obligee ; and without such averment the plea will be bad.

Writ of error to the Circuit Court of Russell County.

ACTION of debt. The declaration is to the following effect: "John J. Harper complains of Wesley Williams in a plea, that he render to him the sum of twenty-five hundred dollars, with interest thereon, which he, the said defendant owes to and unjustly detains from him, the said plaintiff. For that whereas, the said defendant heretofore, to wit: on the 7th day of December, 1836, by his certain writing obligatory, sealed with his seal and now to the court here shewn, the date whereof is the day and year aforesaid, acknowledged himself held and standing bound unto the said plaintiff in the penal sum of five thousand dollars, for which payment he, the said defendant, bound himself, his heirs and assigns. The condition of which said writing obligatory was, and is such, that if the said defendant should well and truly make good and sufficient titles " (to a certain tract of land, the description of which, is not necessary for the understanding of the points decided) " to the said plaintiff or his assigns. The title to be made by the 25th day of December, 1837; provided, the defendants should succeed in making good his claim to said land; and if he, the defendant should be satisfied by the first day of April, then next, of the validity of his claim to the said land, he obligated himself to give his bond to make said title by the

Williams v. Harper.

last mentioned time; but in case the said defendant should fail to make good his claim to said land by the 25th day of Decem-- ber, 1837, he then bound himself to pay to the said plaintiff twenty-five hundred dollars, with interest from the first day of April, 1837. And the said plaintiff avers that the said defendant did not on the 25th day of December, 1837, or at any other time, before or afterwards, make, or offer to make, or cause to be made to the said plaintiff, any title whatever, to the said land; and did not succeed at any time from the day first aforesaid hitherto, in having obtained, or acquiring a just and sufficient claim or title to the said land; and did not at any time since the making of the said writing obligatory, satisfy himself, or become satisfied of the validity of his said claim to said land; or of any claim which he ever had or set-up to the same. And the said plaintiff further avers, that the said defendant wholly failed from the day first aforesaid, and from the time of making the said writing obligatory hitherto, to make good his claim, or any other claim to or concerning the said land. And the defendant has not at any time since the making of the said writing obligatory, given his, or any bond, to make titles to said land; or paid the said plaintiff the sum of twenty-five hundred dollars in said writing obligatory mentioned, or the interest therein mentioned, or any part thereof. Yet the said defendant, though often requested so to do, hath not paid the sum of money last mentioned, or any part thereof, nor the said interest, nor any part thereof; but the same hath hitherto wholly neglected and refused, to the damage of the said plaintiff of five thousand dollars; whereof he sues, &c."

The defendant demurred, but the court overruling the demurrer, he pleaded five special pleas, to the first and third of which the plaintiff joined issue, and demurred to the second, fourth and fifth, which are as follow:

"2d. *Actio non* because the defendant saith that after the making of the said obligation, that is to say, on the 25th day of December, 1837, he was ready and willing, and has at all times been ready and willing, and does hereby offer to make to the

said plaintiff, good and sufficient titles to the said land, according to the true intent and meaning of the said obligation and the condition thereof, and this he is ready to verify, wherefore he prays judgment, &c."

"4th. *Action non* because the said defendant on the 1st day of April, 1837, became satisfied of the validity of his claim to said land, and on the said 1st day of April, 1837, was ready and willing, and has at all times since been ready and willing to make to the said plaintiff a bond for titles of said land, and this he is ready to verify wherefore he prays judgment, &c."

"5th. *Actio non* because the defendant says that the plaintiff did not on the 25th day of December, 1837, nor has he at any time since, tendered to the defendant a deed for him to execute for the said land, and this he is ready to verify, wherefore he prays judgment, &c."

These demurrers were sustained, and the defendant declining to plead over, the cause was submitted to a jury, and a verdict returned for the plaintiff on the issues between the parties, on which judgment was rendered.

The defendant assigns the overruling his demurrer, and the sustaining the demurrer of the plaintiff, as error.

GOLIGHTLY for the plaintiff in error, submitted the case on a brief presenting two points.

1st. The declaration is bad as the suit is brought for the sum secured by the bond, when it should have been for the penalty.

2d. The pleas are good, particularly the 2d, under the authority of Wade v. Killough. (5 S. & P. 450.)

DARGAN, contra, insisted that the supposed defect of the declaration, in claiming too little, was no error; but if the precise sum is necessary to be claimed, then he relied on the declaration to show that the penalty was included as a security for making the title, *if obtained by the defendant:* in the event the title was not obtained then the defendant stipulated to pay a *sum certain*, for which debt was the proper remedy, and the penalty need not be noticed.

As to the pleas he submitted, that the fact of obtaining a title

was solely within the knowledge of the defendant, and therefore notice should be given to plaintiff, and averred in the pleas.

GOLDTHWAITE, J.—1. We think this declaration is substantially good, without considering the view taken of the obligation as presenting distinct and independent stipulations; one secured by a penalty, and the other standing unsecured, as a mere promise to pay a sum certain on a particular contingency.

It will be perceived that the obligation, if correctly set out, is not drawn in a very artificial manner, and from this circumstance, it is not unlikely the pleader was embarrassed in ascertaining precisely what was meant by the parties; instead therefore, of setting out only the legal effect of the obligation, he has chosen to let it speak for itself, by inserting its condition in *hæc verba,* in the declaration. It is manifest if the sum demanded in the commencement of the declaration is stricken out, that all incongruity vanishes with the elimination. In the case of Lord v. Houston, (11 East. 62,) a similar objection was taken to the declaration, and Lord Ellenborough then said there is no difficulty in disposing of this case in this court; (i. e. the King's bench) where the proceedings are by bill, the words at the beginning of the plea,*that he render to him so much,* which raise the question are themselves superfluous, and therefore may be rejected: by rejecting these words there is in each count, a perfect demand of a sum certain, without reference to the sum first mentioned in the declaration." A similar decision was made in the court of common pleas, in McQuillon v. Cox. (1 H. Black, 249.)

These cases are conclusive to show that the objection taken to declaration cannot prevail; for if the sum named in the commencement is stricken out, no assertion elsewhere appears that the debt demanded is one sum or the other, and the plaintiff would recover according to the legal effect of the contract.

2. With respect to the pleas demurred to, we are clear that the averment of notice was essential. The fact that the defendant was prepared and able to make a title, was within his knowledge; but could not be known to the plaintiff without information derived from the defendant. In this essential particular,

64

this case differs from that of Wade v. Killough, (5 S. & P. 450) for there the agreement was to make the title *absolutely* on a certain day; here the title was only to be made on a contingency. The plaintiff was not bound to prepare or tender a deed, until advised to do so by the defendant.

Let the judgment be affirmed.