## BURT v. HENRY.

1. Where the condition of a bond is, that the obligor, his heirs or assigns, or any of them, shall make titles to certain lands, or cause them to be made to the obligee, his heirs or assigns, whenever he should discharge a particular note, it is no excuse for not paying, or tendering the amount of the note, that the obligor conveyed the land to a stranger.

2. After the assignment of a note which the obligee is to pay before he can require the obligor to perform the duty stipulated, the bond does not become absolute on the payment, or tender of the note to the obligor. The tender or payment must be made to the obligee.

3. Where the obligation is to make titles to the obligee, his heirs or assigns, and he requests the obligor to convey to a person to whom the obligee has conveyed with warranty, and the conveyance is afterwards made, this is a performance of the condition of the bond, although the request is verbal, and the bond is afterwards assigned.

4. When a duty is to be performed to the obligee, or his assigns, upon the performance of a particular act, in a suit by the assignee, averring a demand by him of the duty, it is essential for him to aver that the obligor had notice of the assignment.

5. When the obligation is to convey lands to the obligee or his assigns, and the suit is by the assignee of the bond, in which the issues are, that a note to be previously paid had not been discharged—that the lands had been conveyed to another by the directions of the obligee, previous to the assignment of the bond, and that neither he nor his assignee had paid, or offered to pay the note—a deed from the obligee to the assignee, conveying the land is irrelevant evidence to the issues.

6. But under the issue that the land had been conveyed to another, by the directions of the obligee, a deed from him to the devisor of that person is admissible evidence.

7. A witness may speak of a conversation, although he is not a party to it, or interested in it.

Error to the Circuit Court of Talladega.

DEBT, on bond, by Burt, as the assignee of one Jumper against Henry, as the obligor.

The declaration describes the bond, as dated the 9th of April, 1840, assigned the 15th February, 1841, and only the penal part is set out.

The defendant craved oyer of the bond, and that being given, a condition appeared by which it was to be void if Henry, his heirs or assigns, or any of them, should make, or cause to be made, to Jumper, his heirs or assigns, good and lawful titles to certain lands therein described, when Jumper should discharge a certain note for $614, dated 2d March, 1840, payable one day after date.  The defendant then pleaded—

1. Performance of the condition.

The plaintiff replied to this plea, setting out five breaches, to wit:

1. That the plaintiff paid, satisfied and discharged the debt

of $614, in the condition of the bond mentioned, to the defendant, and after this payment, and before the commencement of the suit, tendered to him a deed, conveying the lands described in the condition to the plaintiff, which deed the fendant declined and refused to execute.

2. That after the assignment of the bond, and before the suit, the plaintiff tendered to the defendant the sum due on the note in the condition mentioned, and demanded that he should execute a deed for said lands, and that the defendant refused to accept the money or execute any deed.

3. That after the making of the bond, to wit : on the 24th December, 1840, and whilst the bond was outstanding, and in full force, the said defendant, by deed, conveyed all his right, title and interest in the said lands to one Amy G. Hall, and so from and after that time, and from thence hitherto, the said defendant has been, and is, unable to comply with the condition of the bond.

4. That the defendant has not performed, and cannot perform the condition, setting out the conveyance described in breach 3, as the cause of his disability.

5. That the defendant has not performed the condition, and setting out a combination of the facts averred in breaches 2 and 3.

The defendant demurred to each of these breaches, and his demurrers being sustained, the plaintiff then amended, by inserting in 1 and 2, an allegation that the defendant previously had notice of the assignment by Jumper of the bond. And by inserting in 3, 4 and 5, an averment that Jumper, before the assignment of the bond, and the plaintiff after its assignment, were at all times ready and willing to keep and perform all the conditions in said condition specified to be performed by Jumper.

On the breach 1, as considered, the defendant rejoined, denying the facts, and an issue was formed.

To the other four breaches, as amended, the defendant rejoined—

That the note of Jumper, described in the condition, was assigned by the defendant to Amy G. Hall, of which Jumper had notice, and that the same had not been paid, and that the defendant was willing, and still is so, to make good and suffi-

cient titles for said land, whenever the plaintiff or Jumper shall pay said note, and that the land was conveyed to Amy G. Hall by the direction of Jumper, made previous to his assignment of the bond.

The plaintiff joined issue on this rejoinder.

2. The defendant pleaded also, that previous to the assignment of the bond, Jumper directed the defendant to convey the lands to Amy G. Hall, when she should pay to the said defendant the said note for $614, and that afterwards, on the 24th December, 1841, in accordance with this direction, the defendant did convey the said lands to said Hall, who then paid him the amount of said note.

The plaintiff demurred to this plea, and his demurrer being overruled, he then joined issue on it.

3. The defendant also pleaded, that after the making of the bond and note described in the condition, and whilst the bond belonged to, and was the property of Jumper, the defendant assigned and delivered the said note to Amy G. Hall, of which the said Jumper, before the assignment of the bond, and the plaintiff after the assignment, and before the suit, had notice, yet neither the said Jumper, nor the said plaintiff, ever paid, or offered to pay the sum due on the said note to the said Hall, or to the defendant.

The plaintiff demurred to this plea, and his demurrer being overruled, he then replied—

1. That when the bond was assigned to him, and from thence hitherto, until after the conveyance of the land by the defendant, he was willing and ready to pay off the said note, but that the defendant, after the assignment of the bond, conveyed the lands to Amy G. Hall, whereby it was impossible to comply with the condition, and therefore the plaintiff considered the contract at an end, as he well might, for the cause aforesaid.

The defendant demurred to this replication, and his demurrer being sustained, the plaintiff had leave to amend, when he filed a replication—2, protesting that the note was not assigned, yet nevertheless Jumper, from the time when the bond was executed, until the assignment, was ready to pay the said note, but the defendant conveyed the said lands

to Amy G. Hall, on the 24th December, 1840, and thereby rendered a performance of the condition impossible.

A demurrer being also sustained to this, the plaintiff then joined issue on the plea, and the cause was submitted to the jury on the issues mentioned.

At the trial, there was evidence to show that the plaintiff, in November, 1840, wrote to the defendant, that he claimed the land mentioned in the condition of the bond, by a purchase from Jumper, and requested the defendant to make titles to no one unless the bond executed to Jumper was produced by the party applying. Also, that the defendant then sent word to the plaintiff, that he should make titles to no one unless the bond was produced.

The plaintiff then offered to read in evidence a deed to him from Jumper, dated 13th April, 1840, conveying the lands mentioned in the condition of the bond, with other lands and personal property, as a security for certain liabilities assumed by the plaintiff for Jumper. There was no proof of the execution of this deed, other than the certificate of the clerk of the county court of Autauga county, of the same date, indorsed on the deed, that it was that day acknowledged by Jumper to have been signed, sealed and delivered, and the further certificate by the same officer, dated 29th March, 1843, that the deed was that day proved before him by the oath of one of the subscribing witnesses. The court excluded the deed.

The defendant proved that Amy G. Hall requested her son to see Jumper, and make some arrangement about the land mentioned in the condition of the bond. The son saw Jumper in October, 1840, who then requested him to call on the defendant, and get a title deed from him conveying the land to her. The son shortly afterwards wrote to the defendant what Jumper had requested, but the witness did not know that the letter was received by the defendant before he made a deed to Mrs. Hall, which was executed the 24th December, 1840. The plaintiff moved to exclude this proof, as the witness did not show he was party or privy to said conversation, and because it was illegal. The court admitted the evidence.

There was proof conducive to show, that Mrs. Hall was

the widow of Dixon Hall, sen. and his devisee of the land specified in the condition of the bond.

The defendant then offered in evidence a deed from Jumper to Dixon Hall, sen. conveying the land mentioned in the condition of the bond, bearing date the 18th May, 1839, and proved its execution. This deed was recorded, but on an insufficient certificate of acknowledgement, by the grantor. The plaintiff objected to its introduction, but it was admitted.

The plaintiff then proved the deed was intended as a mortgage to secure the sum of $1500, and moved to exclude it for want of registration, but the court refused, it being in proof the plaintiff had notice of the deed before the bond was assigned.

The defendant's counsel produced the note mentioned in the condition of the bond, and offered to prove that Mrs. Hall was the owner to which the plaintiff objected, but the court admitted the evidence. It was further proved that the plaintiff, in 1839, had notice of the deed to Dixon Hall; that the note mentioned in the condition was assigned to Mrs. Hall before the assignment of the bond to the plaintiff, and that this was also known to Jumper—also that a part of the money due from Jumper to Dixon Hall, was yet unpaid, and that the plaintiff was informed that Mrs. Hall claimed an interest in the land when the bond was assigned.

The plaintiff on this state of proof asked the following charges, to-wit :

1. That if the jury believed the bond was assigned to the plaintiff, and that previous to the suit the defendant had sold and conveyed the lands mentioned in the condition to a stranger, and thus put it out of his power to comply with the contract, this rendered a tender of the sum due on the note unnecessary, and the plaintiff's right of action accrued immediately on such a conveyance by the defendant.

2. That if the jury believed the plaintiff is the assignee of the bond, he is not affected by any request which Jumper may have verbally made to the defendant to make a deed or conveyance of the land to Amy G. Hall.

3. That if the jury believed that the defendant replied to the demand for titles by the plaintiff, that if the latter would

go and get a certain note for the amount of about $650, which was held by a widow Hall in Autauga county, he would then make a deed, and made no other objection to the tender, then the tender is a good one.    [NOTE.—There is some apparent confusion here, but the foregoing abstract is the only sensible version of the bill of exceptions.]

4. If the jury believed that the plaintiff, in November, 1840, before the defendant conveyed the land to Mrs. Hall, notified the defendant that he held his bond, and wrote to him that he would pay the balance due as purchase money, and requested him to make titles to no one until the bond was produced, and that the defendant promised he would make no titles until the bond was produced, and the money paid, then that said defendant had no right to convey the lands to Mrs. Hall.

5. That the request of Jumper should have been in writing.

6. That there should be a consideration to support such request.

All these charges were refused, as asked for, and the jury instructed,

7. That if Jumper did convey the land to Dixon Hall to secure a debt yet unpaid, and that the land was devised by him to Mrs. Hall—that he had been and continued in possession— that the note specified in the condition of the bond had been assigned to him before the assignment of the bond, and that this was known to Jumper—that the plaintiff was cognizant of the possession of the land by Mrs. Hall, and informed she set up a claim to it previous to the assignment of the bond— that Jumper to meet his liabilities to her had sent a request to the defendant to convey the lands to her; that these facts would authorize a verdict for the defendant, although Jumper's request to convey was verbal, and though the defendant was notified by the plaintiff of the assignment of the bond previous to the time of conveying the land to Mrs. Hall, and this although he may have promised the plaintiff he would make no title to any one until his bond was produced.    But if the plaintiff had no notice of the claim of Mrs. Hall previous to the assignment of the bond to him, and had tendered the a-

Burt v. Henry.

mount due on the note described in the condition of the bond to the defendant, then they should find for the plaintiff.

A note is added to the bill of exceptions, stating that the subject of tender, in relation to which evidence was offered by plaintiff, and the question whether it should have been made to the defendant, was discussed by both parties before the jury, and the court becoming dissatisfied with its decision on the demurrer to the 3d plea, charged the jury that a tender to the defendant was sufficient, although the plaintiff was notified of the transfer of the note, mentioned in the condition of the bond, to Mrs. Hall.

The plaintiff excepted to the several rulings of the court, and all the questions made by the demurrers, and arising out of the bill of exceptions, are assigned as error.

A. White and Wm. P. Chilton, for the plaintiff in error, submitted the following points :

1. If a vendor sells the land; which he covenants to convey, to another, and thus disables himself from complying with his contract, does not this give a right of action on the bond for titles to the extent of the money paid ? That it does and dispenses with the payment of the price unpaid, as well as a tender of the sum due,—See Sugden on Vend. 248 ; Bright v. Crawford, 1 Esp. Rep. 184 ; St. Albans v. Shore, 1 H. B. 270 ; Platt on Cov. 595.

2. The assignee of the bond was not bound to search out the assignee of the note and tender him the money. If this is not law then the obligor could prevent the payment and consequent forfeiture of the bond by transferring the note to an unknown person. The fact that the circuit court was convinced of its error in overruling the replication to the plea, and endeavored to cure it by the charge to the jury, does not cure the error.

3. It is not shewn or pretended, that the conveyance to Mrs Hall by Jumper's request, was made until after the assignment of the bond to the plaintiff, and being verbal only was revoked by that act.

A. J. Walker, S. F. Rice and F. W. Bowdon, contra, insisted,

111

1. That the action of debt is not sustainable by an assignee of a bond like this, as they are not embraced by the terms of the statute. [Dig. 381, § 6; Henry v. Hughes, 1 J. J. M. 453.]

2. Here however, the payment of the note was a condition precedent, and no action can lie on the bond until this is made. [Platt on Cov. 104; Steph. N. Pr. 1071.]

3. By the conveyance by Jumper to Hall, the latter became his assignee, and was entitled to a deed from the defendant on paying the note. This he could have enforced in equity, and therefore as well as by the terms of the bond, the condition was complied with. [McLane v. Spence, 6 Ala. Rep. 894, 1 Story's Eq. 375.]

4. The obligor of a bond cannot be put in default by an assignee until notice is had of the assignment. [Campbell v. Day, 16 Verm. 558; Williams v. Harper, 1 Ala. Rep. 502; Lawson v. Towns, 2 Ib. 373.]

GOLDTHWAITE, J.—1. In the examination of this record, it is most convenient to first ascertain the rules which govern the cause, as presented in the pleadings, and then shew how far the action of the circuit court at the trial was in accordance or at variance with them.

By referring to the condition of the bond, it will be seen that the defendant stipulates it shall be void if himself, his heirs or assigns, or any of them, shall make titles to certain lands, or cause such to be made to Jumper, the obligee, his heirs or assigns, whenever he should discharge a particular note. We can see no reason whatever, for the assumption thet the defendant contracts, either that he had the title at the execution of the bond, or that having it, he would continue to hold it until it should suit the convenience of the obligee, or his assigns, to pay the sum due by the note. All that the defendant binds himself for, is, that he will cause the title to be made when the money is paid. In this view of the contract, it is evident there was no violation of it by the mere circumstance of conveying the title to Mrs. Hall.

2. Then, as to the question, whether the payment of the sum due on the note, was to be made to Mrs. Hall, or the defendant, to render the obligation absolute upon the defend-

Burt v. Henry.

ant to make titles, and whether a tender to the defendant, after it was known to Jumper and his assignee, that the note was assigned to Mrs. Hall, would produce that effect. We think it cannot be intended the defendant imposed on himself any obligation to hold the note. That was a transferrable security, and as no stipulation was made to the contrary, the defendant was entitled to transfer the property in it to any one, if done *bona fide*, and the assignee would not be affected by any payment made to the defendant, after notice of the assignment. As no payment could be effectual to discharge the note, if made to the defendant, under such circumstances, it must follow that a mere tender of the money, which he had no right to receive, could not render the obligation absolute.

3. What we have said would dispose of the merits of the controversy, to a great extent, but the evidence shows what we consider a performance of the condition, even supposing the money due on the note was absolutely discharged. The contract of the defendant, as we have said, is to make title to Jumper, or *his assigns*. It clearly admits of question, whether the conveyance by the obligee of his interest in the land to a third person, with warranty, as was done in this case to Dixon Hall, would not give his grantee the right to have the title conveyed to him on payment of the sum stipulated to be paid, but waiving the decision of the point, we think it clear, that a conveyance made to one in this condition, at the request of the obligee, made previous to the assignment of the bond, is precisely the same as if the conveyance had been made directly to him. That the direction to make the title was verbal only, does not, in our judgment, impair its efficiency. If the defendant acted under this direction, and his conveyance to Mrs. Hall, was made before the instructions were countermanded, it seems to us this is a full performance of the condition of the bond.

What we have said will suffice to show, that the demurrers to the second and third pleas were properly overruled, and those correctly sustained which apply to the replications to the third plea, and the third and fourth breaches of the conditions of the bond, set out in the replication to the first plea.

4. The demurrers applicable to the first, second, and fifth

breaches assigned in the condition of the bond, were likewise correctly ruled, as these breaches are defective in not setting out that the defendant had notice of the assignment of the bond to the plaintiff, when the latter asserts he tendered the money and demanded a deed. Conceding the defendant was then the holder of the note, he had no means to know that the plaintiff was entitled to demand the performance of the duty, unless advised of the assignment of the bond. [Williams v. Harper, 1 Ala. Rep. 502.]

5. The questions on the pleadings being thus disposed of, we shall examine those arising upon the admission of evidence. The deed from Jumper to the plaintiff, conveying the same lands as covered by the condition of the bond, was properly rejected, as it was wholly impertinent to any of the issues between the parties. These were—1. That the note had not been discharged. 2. That the defendant, by the directions of Jumper, conveyed the lands to Mrs. Hall; and 3. That neither Jumper or the plaintiff had paid, or offered to pay the note to the defendant, or to Mrs. Hall, his assignee, and their mere statement is sufficient to show the deed offered had no relevancy whatever, and relieves us from the necessity of considering whether proof of the execution and consideration was requisite in addition to the certificate of probate.

6. The admission of the deed from Jumper to Dixon Hall, might be supposed to fall within the same category, but a reference to the pleadings will show, that one of the issues was, that the land was conveyed to Mrs. Hall, by the request of Jumper. In making this fact appear to the jury, it might have been, and possibly was, important to show the reasons why this request was made, and certainly none could be more satisfactory, than to show he had conveyed the land by a warranty deed to Hall, who was her devisor. In this view the deed was relevant, and in the same connection it was unimportant whether registered or not registered, and renders it unnecessary to consider that question.

7. If we understand the exception in relation to the conversation between Jumper and the son of Mrs. Hall, it is, that the witness could not speak of it, because he was not a party or privy to it. We cannot intend that the court allowed the

witness to speak of a conversation which he did not hear, and conclude that *privy* here means, that he was not *interested* in the conversation. Any other sense would be doing injustice, as well to counsel as to the court, for we must conclude, that if the evidence was mere hearsay, it would have been excepted to for that reason. As we understand it, the evidence was proper, for there is no reason why a witness should not speak of a conversation between others, or between another and himself, although he may have no interest in the subject spoken of.

Any examination of the several charges is rendered unimportant, from the circumstance that those refused are not warranted by the rules we have already ascertained, and that given was at least as favorable to the plaintiff as it should have been. On the whole, we are satisfied there is no available error in the record.

Judgment affirmed.