## FITZPATRICK v. HANRICK, ET ALS.

1. A covenant by H. and two others, his sureties, to convey to F. "a half section of land, situate in Macon couuty, worth $500, on a patent issued to William Walker, or to Edward Hanrick, as executor of Wm. Walker's estate, to the N. ½, 31, 15, 23, situate in Macon county, Alabama," is an undertaking to convey the particular tract, or a half section of land in Macon county, worth $500, as soon as a patent issued for the particular tract mentioned in the covenant.

2. As the time when the patent would issue was uncertain, and more within the knowledge of the obligors than the obligee, an action would lie for a breach of the covenant, without a demand, as it was their duty to notify him that the event had happened, and what land they would convey.

3. The rights of the obligee cannot be defeated, by a contrivance by the obligors, by which the patent for the land mentioned in the covenant is caused to be issued to another.

4. The objection that there was no consideration for the covenant, cannot be taken on demurrer to the declaration.

Error to the Circuit Court of Macon.

DEBT, by the plaintiff in error, on a penal bond of the following tenor :

We hereby bind ourselves in the penal sum of one thousand dollars, to convey to Joseph Fitzpatrick, son of Bird Fitzpatrick, a half section of land, situate in Macon county, Alabama, worth five hundred dollars, on a patent issued to William Walker, or to Edward Hanrick, as executor of William Walker's estate, to the N. 1-2, 31, 15, 23, situate in Macon county, Ala. Witness our hands and seals, this 16th Dec'r, 1843. 
EDW. HANRICK, (seal.)
LEMUEL MERILL, (seal.)
GEO. STONE. (seal.)

The first count of the declaration, after setting out the bond according to its legal effect, avers, that a patent heretofore issued by the government of the United States, to wit, on the 1st December, 1844, to said half section of land, so

described as aforesaid, to said William Walker, or said Edward Hanrick, as the executor of the estate of said Walker, the said defendants have not, nor have any, or either of them conveyed to the said plaintiff a half section of land, situate in said county, worth the said sum of five hundred dollars, but have hitherto wholly refused, &c. &c. though often requested so to do.

The second count sets out the bond literally, and avers, that afterwards, to wit, on the 1st December, 1844, a patent did issue for the land described in the bond, to one Nimrod E. Benson, by the procurement, and assent of the said Edward Hanrick, and that the same would have issued to Wm. Walker, or to Hanrick as his executor, but for the procurement of the said Hanrick, and avers, that on the 1st day of February, 1845, a conveyance of the said land was demanded of Hanrick, in accordance with the terms of the said writing obligatory, who then and there refused to convey to the said plaintiff a half section of land in Macon county, worth the sum of $500, or a half section of land of any other value, nor have either of the other defendants yet, &c. &c.

The defendants demurred to both counts of the declaration, and the court sustained the demurrer, which is the matter now assigned as error.

Gunn, for plaintiff in error, insists that the court erred in sustaining the demurrer, and that each count contains a good cause of action, with all averments and breaches necessary to have been made, as will be fully shown by the cases of Williams v. Harper, 1 Ala. 502; Watts' ex'rs v. Shephard, 2 Ib. 425; Andrews v. Williams, 11 Conn, 326; Forrester v. Jones, 7 Ala. 493; McNeil's ex'rs v. Reynolds, 9 Ib. 313; Teague v. Williams, 7 Ib. 850; Brahan v. Ely, 3 Stew. 182.

From the contract set forth in the record, differing as it does from an ordinary title bond, no necessity can exist for any tender of title, or demand of abstract neither an averment of notice, it being alledged that the patent issued by the procurement and consent of said Hanrick.

The instrument shows from its face to have been given upon compromise of a doubtful right, which is a good consideration to support a promise.    Besides the instrument itself is evidence of a valuable consideration.    As to which see James v. Scott, 9 Ala. R. 579; Keizer v. Loch, Ib. 269; Click v. McAfee, 7 Porter, 62; Young v. Foster, Ib.      ; Reid v. Edwards, Ib. 508; Evans v. Saunders, 8 Ib. 497.]

BELSER, CHILTON and McLISTER, contra, cited Wade v. Killough, 5 S. & P. 450; 7 Johns. 341; 4 Id. 235; 1 Id. 139; 1 Vesey, 128; 3 Term, 374.

ORMOND, J.—The objection to this declaration, because it does not aver a demand of the obligors, before the action was brought, cannot be maintained.    The case of Wade v. Killough, 5 S. & P. 450, establishes the necessity for such a demand, where the obligor covenants to make a demand on a day certain; but where the ability of the obligor to make title depends upon a fact within his own knowledge, or upon the happening of an event of which he has better means of knowledge than the obligee, it is his duty to give notice to the obligee of his ability to perform his contract, and if this is not done, he cannot complain that the obligee has not demanded title.    Such was the case of Williams v. Harper, 1 Ala. 502, where the obligor undertook to make title to a tract of land, if by a time stipulated he should become satisfied of his ability to do so, otherwise to pay a certain sum of money.    This court distinguished the case from Wade v. Killough, as there the title was to be made on a day certain, and not upon a contingency.

So in this case, the title is to be made when a patent issues from the government for a particular tract to W. Walker, or to Hanrick, as his executor.    This being a fact peculiarly within his knowledge, it was his duty to inform the plaintiff of the fact when it happened, and this knowledge on his part, will affect equally his co-obligors, as they have jointly bound themselves to convey to the plaintiff, upon the happening of this event, and it was their duty, as soon as it oc-

99

curred, to inform him of their ability to perform their covenant.

The meaning of this obscure covenant seems to be, that as soon as a patent issued to Walker, or to Hanrick, as his executor, then the obligor's bound themselves to 'convey' to the plaintiff, a half section of land in Macon county, worth $500. This is the most favorable construction of the instrument for the obligors, and as it is the one put upon it by the plaintiff in his declaration, we shall assume it to be correct. The necessary inference from this contract is, that the preliminary steps had been taken to authorize a patent to issue from the general land office, for the particular tract of land mentioned in the contract, to Walker, or to Hanrick as his executor, and the issuing of the patent is only referred to, to indicate the time when the plaintiff was to be entitled to a conveyance, either of that tract, or of a half section of land worth $500, in Macon county. This right cannot be defeated by a contrivance, by which the patent is caused to be issued in the name of a third person, and whether this result is brought about by the intervention of Hanrick alone, or by all the obligors, the result must be the same.

The undertaking to convey the half section of land, on the happening of this event, not only admits its possibility, but also precludes the obligors from preventing its occurrence by their own act. To permit the rights of the plaintiff thus to be defeated, would be to allow the obligors, by their own act, to render nugatory and unavailing their own covenant, in violation of the maxim, that no one shall take advantage of his own wrong. It is a rule of universal application, that where a right is to accrue upon the performance by one of an act, an offer to perform, is equivalent to a performance, if prevented by the party in whose favor it is to be done. The rule deduced from the facts, as governing this case, is but a modification of the same principle, both deriving their authority from the maxim just cited.

The objection that there is no consideration for the covenant to convey the land, cannot be taken by a demurrer to the declaration. The statute makes the writing evidence of the debt, or duty for which it was given, and if it did not

import a consideration at common law, such is the effect of the statute, as has been repeatedly held. The consideration can only be put in issue by a special plea, and the burden of proof will then be on the pleader. [Young v. Foster, 7 Ala. 424, and Holman's heirs v. The Bank of Norfolk, at the present term, where this question is fully considered.

The objection, that the contract is too uncertain to be enforced, is not well taken. It is to convey, on the happening of a certain event, a designated tract of land, or another half section of land of the value of $500, situate in Macon county. This alternative is for the benefit of the obligors, and as it was their duty, when the event happened, to notify the plaintiff whether they would convey the designated tract, and if not, which they would substitute in its place, in virtue of the power reserved; it was a matter which by the very terms of their contract, they engaged to render certain.

Let the judgment be reversed, and the cause remanded.