## LUNDIE *vs.* BRADFORD.

1.  A garnishee answered, in writing, that the defendant in attachment, during the year previous to the service of the garnishment, had furnished him with $150 in money, and had given him his note for $51 ; that in consideration of said money and note, he agreed to enter a tract of land at the land-office for said defendant, and subsequently filed a land-warrant in said office to be located for said defendant ; that one of the officers doubted whether the location could be made in the form desired, and this caused a delay in the location ; and that after the service of the garnishment he made no further effort to have the location made : *Held*, that the plaintiff in attachment was not entitled to a judgment against the garnishee on this answer.

APPEAL from the Circuit Court of Talladega.

Tried before the Hon. JOHN GILL SHORTER.

Lundie v. Bradford.

·THE appellant, having obtained a judgment against James A. Fowler, summoned the appellee by process of garnishment as Fowler's debtor ; and the garnishee answered in writing as follows : "Some time in the early part of the year ·1851, James A. Fowler, by himself, and through Alexander White, Esq., furnished me with one hundred and fifty dollars in money, or thereabouts, and gave me (*his note for ?*) fifty-one dollars. In consideration of said money and note, executed to me on the 24th February, 1851, I agreed to enter in the land-office at Lebanon, Ala., for the said Fowler, one quarter-section of land, and subsequently filed in said land-office a land-warrant calling for one hundred and sixty acres to be located for said Fowler ; but one of the officers having doubts whether the warrant could be located in the shape desired by Fowler, the location was delayed for a time, and since I was garnisheed by Lundie I have made no efforts to locate the same. In addition to the fifty-one dollar note on said Fowler, he owes Bradford & Lawler thirty dollars, with interest since January, 1839, and some cost on the same. I know of no other effects of said Fowler, nor do I know of any one who owes him anything." On this answer the court discharged the garnishee, and its judgment is now assigned for error.

WHITE & PARSONS, for the appellant :

On the state of facts disclosed by the answer, the plaintiff was entitled to a judgment against the garnishee. There is no question that Bradford had two hundred ·dollars in money belonging to Fowler at the time the garnishment was served, and that Fowler could, at any time before he entered the land, have notified him not to enter it ; and on such notice being given, he could have sued Bradford for the money, if the latter failed to re-pay ·it. What Fowler could do of his own volition, the law empowers his creditor to do by service of the garnishment. A proceeding by garnishment is the institution of a suit by the attaching creditor, and is governed by the general rules applicable to other suits. It is a legal remedy, and is to be so treated.—5 Ala. 442 ; 8 *ib.* 576. There is no ground for saying that this is a mere agreement to enter the land. The answer does not bear such a construction. It shows that Fowler furnished the money with which Bradford

33

was to enter the land. It does not show a valid and binding contract, by which Bradford acquired a right or title to the money, and Fowler only the benefit of a contract with him. As the land is not yet entered, whose is the money? is it not Fowler's, unless the garnishment holds it?—Mann v. Buford, 3 Ala. 312.

MORGAN & MARTIN, *contra*, contended, that the answer showed that Bradford owed Fowler nothing, and was only bound to the performance of his agreement to enter the land, upon the discharge of which he had already entered when the garnishment was served ; and they cited Blair v. Rhodes, 5 Ala. 648 ; Mims v. Parker & Coffman, 1 *ib.* 422.

RICE, J.—Our first impression was, that the answer of the garnishee might fairly be construed as an admission, that the money he received from Fowler was received and held by him as the money of Fowler, which, if convenient, he would apply, under Fowler's direction, to the payment of the government price for a quarter-section of land at the land-office at Lebanon for Fowler. But, upon careful examination, we find that the answer does not admit that the money has ever been the money of Fowler since the garnishee received it. On the contrary, it shows that the money became the money of the garnishee *eo instanti* when he received it ; for it asserts that, in consideration of said money and the note described in the answer, the garnishee agreed to enter in said land-office, for said Fowler, a quarter-section of land, and subsequently, and before the service of garnishment, filed in said land-office a land-warrant calling for one hundred and sixty acres of land to be located for said Fowler. This agreement is valid.—Fitzpatrick v. Hanrick, 11 Ala. 783. But, although the agreement is valid, and by its force the money became the money of the garnishee, yet such an agreement cannot be made available to a judgment creditor of Fowler under the process of garnishment. For the settled rule in this State is, that garnishment only lies to subject those demands for which the judgment debtor could maintain *debt* or *indebitatus assumpsit*.—Cook v. Walthall, 20 Ala. 334.

It is too plain for argument, that Fowler could not main-

tain *debt* or *indebitatus assumpsit* against the garnishee, upon the facts stated in the answer. There was, therefore, no error in the judgment of the court below discharging the garnishee upon the facts shown in his answer, and the said judgment is affirmed.