EDDY, Respondent, v. HEATH'S GARNISHEES, Appellants.

1. The liability of the sureties in the official bond of an officer for a failure on his part to pay over money collected by him under an execution, is not such a liability as will constitute them debtors of the plaintiff in such execution so as to subject them to garnishment process as debtors of the latter.

*Appeal from St. Louis Court of Common Pleas.*

The facts are fully presented in the opinion of the court.

*Drake*, for appellants.

I. It being admitted on the record that the garnishees had no personal property of the defendant in their hands, the question presented is whether the garnishees were liable as debtors of the defendant. The attachment law contemplates the garnishment of only two classes of persons: 1st, those holding property of the defendant, and, 2d, those indebted. (R. C. 1855, p. ——, § 21, subdivision 5; id. § 65, 72, 76, 77.) The only ground on which it is sought to charge the garnishees as debtors of the defendant is their liability—as securities on the official bond of Twitchell, United States marshal—to an action by the defendant on account of the nonpayment by said Twitchell to the defendant of a sum of money collected by him on execution in favor of the defendant. This bond was executed to the United States and was conditioned that said Twitchell " should faithfully execute and discharge all and singular the duties of said office according to law." The law of Congress of April 10, 1806, in relation to bonds given by marshals, provides " that it shall be lawful, in case of the breach of the condition of any such bond, for any person, persons, or body politic, thereby injured, to institute a suit upon such bond, in the name and for the use of such party, and thereupon to recover such damages as shall be legally assessed with costs of suit, for which execution may issue for such party in due form." (2 Stat. at Large, 372.) Admitting that the defendant might have maintained an action on the bond against the sureties on account of the default of their principal, this does not estab-

10—VOL. XXXI.

lish the relation of debtor and creditor between him and them, so as to subject them to liability as his garnishees. Only such liability as will sustain an action of debt or *indebitatus assumpsit* will constitute the relation of debtor and creditor so as to charge a garnishee. (Pressnall v. Mabry, 3 Port. 105; Walke v. McGehee, 11 Ala. 273; Harrell v. Whitman, 19 Ala. 135; Coole v. Walthall, 20 Ala. 334; Lundie v. Bradford, 26 Ala. 512; Hall v. Magie, 27 Ala. 414.) The liability of the garnishees was for an alleged tort committed by him in failing to discharge an official duty; there was no direct obligation on their part in relation to the money collected by him. (Potter v. Titcomb, 7 Maine, 302, 319; State v. McClane, 2 Blackf. 192.) No mere liability for a tort can be the basis of a garnishment. (Rundlet v. Jordan, 3 Maine, 47; Foster v. Dudley, 10 Foster, 463; Lumerson v. Huffman, 1 Dutcher, 625; Paul v. Paul, 10 N. H. 117; Hemmenway v. Pratt, 23 Verm. 332.) The liability of the garnishees as sureties was merely for such damages as might be sustained by any person by reason of a breach of the condition of the bond, not specifically for the money collected by him. (Perkins v. Giles, 9 Leigh, 397; State v. Undrell, 15 Mo. 421.) These damages were unliquidated until they were "legally assessed" in an action instituted on the bond in the name of the party injured. A claim for unliquidated damages arising *ex delicto* is not a debt until matured into a judgment. (Cable v. McCune, 26 Mo. 371.) No claim for unliquidated damages, arising either *ex contractu* or *ex delicto*, can be made the basis of charging a garnishee. (Hugg v. Booth, 2 Ired. 282; Deaver v. Keith, 5 Ired. 374; Leefe v. Walker, 18 Louis. 1.) Privity of contract and of interest between the garnishee and defendant is indispensable to establish the relation of debtor and creditor so as to authorize the garnishee to be charged as a debtor. Here the garnishees entered into no contract with the defendant, but had come under an obligation to the United States, which, by law of the United States, might be enforced by, and enure to the benefit of, *any* person injured.

The defendant could claim no privity with the sureties in the bond until judgment obtained. Until then he and the sureties are strangers in law to each other, and no relation of debtor and creditor can be predicated of them. As the relation of debtor and creditor between the garnishees and the defendant must exist at the time of the garnishment, and as it could not be said in this case to exist until the recovery of a judgment by the defendant against the garnishees, it is not admissible for the attaching plaintiff to use the garnishment proceeding to establish, at its termination, the very relation which ought to be, in the first instance, the basis of the proceeding itself and which did not then exist. Yet this is what the plaintiff seeks to do. He claims that he has a right to establish, by the judgment he may obtain against the garnishees, the claim of the defendant against them for damages, and thereby create the relation of debtor and creditor as the result of his own proceeding, when it ought to exist in the first place in order to authorize his proceeding at all.

*Krum & Harding*, for respondent.

I. The sale of Twitchell under the bond of indemnity was an authorized official act. (8 Johns. 185; 15 Johns. 147; Rowe v. Cockrill, 1 Bail. Eq. 137; Little v. Seymour, 6 Mo. 168; Gordon v. Fisher, 8 Mo. 389; Heath v. Dagget, 21 Mo. 73; 13 Mo. 437; Walden v. Davison, 15 Wend. 575; 3 M. & Sel. 176.) The satisfaction of the New York judgment against Eddy operates in law to entitle Heath absolutely to the money collected by Twitchell under such sale. It bars Lansing's claim to the goods and removes all liability of Twitchell and his sureties to Lansing or his assignee therefor. No demand was necessary before bringing suit. (Watson on Sheriff, 146; 18 Johns. 133; Dygert v. Crane, 1 Wend. 539.)

SCOTT, Judge, delivered the opinion of the court.

In the statement we will endeavor to simplify this rather intricate transaction, omitting nothing material to the determination of the point on which the cause turns. Twitchell

was United States marshal for the district of Missouri, with Simonds and McAllister, the garnishees in this cause, as his securities on his official bond, and there was placed in his hands for collection an execution in favor of Heath, the defendant in this cause, against one Sands. The property of Sands was levied upon by the marshal to satisfy this execution. Another person claimed the property, the right to which was tried by a jury and found to be in the claimant. Heath thereupon gave the marshal a bond of indemnity, with Eddy, the plaintiff, as one of the securities, and the marshal sold the goods, and the proceeds, after satisfying costs, amounted to the sum of $6,377.15, out of which he paid $4,301.54 to Heath, leaving in his hands the sum of $2,075.91, which he failed to pay over, although often requested so to do.

The claimant of the property levied on afterwards assigned his right to indemnity to Frothingham, who sued Eddy, the security, and recovered a judgment for upwards of $18,000, which Eddy satisfied. Whilst the suit on the bond against Eddy was pending he gave notice to Heath, his principal, of the action, and required him to defend it.

Twitchell, the marshal, afterwards died, having never paid over to Heath, the plaintiff in the execution against Sands and the defendant in this suit, the above mentioned balance of $2,075.91.

Eddy, the plaintiff in this suit and the security in the bond of indemnity given by Heath, brings this action against Heath to recover the money paid by him as security for Heath, and has garnished Simonds and McAllister, the securities of the marshal Twitchell, as being liable to pay to Heath the balance of the proceeds of the execution against Sands, which remained in the marshal's hands unpaid at the time of his death; or, in other words, as being the debtors of Heath. On this statement of facts, the court below held that the securities of Twitchell were liable as garnishees to the plaintiff Eddy for the debt owed by the marshal to Heath, and gave judgment accordingly.

Our law as to what debts are subject to garnishment does not vary from the generally received ideas in relation to this matter.    The fifth clause of the twenty-second section of the first article of the attachment law enacts that when the credits of the defendant are to be attached, the officer shall declare to the debtor of the defendant that he attaches in his hands all debts due from him to the defendant, or so much thereof as shall be sufficient to satisfy the debt and interest or damages and costs, and summon such debtor as garnishee. Various other sections of the same act show that, in the contemplation of the legislature, when credits are to be attached, the garnishee must be a debtor to the defendant.

Admitting that Twitchell himself was a debtor to Heath in respect of his having collected money for him on an execution which he failed to pay over and might have been sued for in an action of assumpsit without resorting to a suit upon his bond, yet his securities were liable to no such action, and could only be sued upon the bond for the official misconduct of their principal.    If the securities are debtors to him who is injured by the misconduct of the marshal, their indebtedness must arise by reason of the bond.    Then if they are debtors for one illegal act of their principal, they must be for all such acts.    If a marshal fails to execute any process coming to his hands, are his securities debtors for the damages which may be recovered for such a breach of duty by their principal ?    If the marshal is guilty of a trespass in taking the goods of one on an execution against another, are his securities debtors to the injured person for the wrong committed ?    We do not maintain that the securities are not liable to an action on the bond, and will not be compelled to satisfy any judgment that may be obtained against them; but we do maintain that an illegal act of the marshal, causing an injury to another, does not render his sureties debtors to the injured person in the sense in which that word is ordinarily used in the law, nor in that sense in which it is employed in the statute concerning attachments.

It is said that where an action of debt will lie against a

garnishee for his indebtedness, he may be garnished in respect to that debt. This is true when properly applied. But to maintain that because an action of debt will lie against a security for a breach of the bond of his principal, conditioned for a faithful discharge of the duties of his office, he is therefore a debtor to the person injured by the breach, would be a great perversion of the rule. In all its essential elements, the action of debt on a bond with collateral conditions is an action of covenant where the damages are regarded as unliquidated. Because in some cases the damages may be more readily assessed than in others and there may be a certain measure for them, that would not make such damages a debt within the meaning of the attachment act more than in those cases where there would be no standard for their ascertainment but the evidence of witnesses. Where the claim of the defendant against the garnishee rests in unliquidated damages, in no case can the garnishee be made liable. (Drake on Attachments, 548.)

In the case of Hemmenway v. Pratt, 23 Ver. 332, it was held that the liability of a constable to an execution creditor for a breach of official duty in respect to the collection of the execution, can not be attached by a trustee process commenced by a creditor of the person to whom the constable is thus liable ; that a trustee, in order to be held chargeable, must be liable upon a debt or fiduciary obligation, and not for a mere tort or breach of duty. In the case before us, although the marshal himself might have been garnished, as he was liable to an action of assumpsit, yet, as his sureties were subject to no such action, but were only liable for his breach of duty, they could not be garnished. In the case of Lundie v. Bradford, 26 Ala. 512, it is said that the settled rule of law in this state is, that garnishment only lies to subject those demands for which the judgment debtor could maintain debt or *indebitatus assumpsit*.

We are of the opinion that the defendants, as sureties of Twitchell, the marshal, could not be garnished in respect to their liability as sureties.

Judgment reversed. Judge Ewing concurs.