State v. Hudson.

STATE OF MISSOURI, Respondent, vs. WILLIAM E. HUDSON, Appellant.

1. *Criminal law—Murder in the second degree, what constitutes—Constr. Stat.*— Under the statute (Wagn. Stat., 446, § 2) where a homicide is intentional but does not amount to murder in the first degree, nor come within any of the grades of manslaughter, or justifiable or excusable homicide, it is murder in the second degree.

2. *Practice, criminal—Homicide, different grades of—Instructions as to.*—It is the established law of this State that where, under the indictment, the accused may be convicted of murder in any particular degree, or of any of the lesser grades of homicide, if the evidence will warrant it, the court may in its discretion direct the jury, by suitable instructions, that the case as made by the evidence is of a particular degree and will not justify a conviction for another or different one.

3. *Instruction—Evidence, etc.*—An instruction not warranted by the evidence should not be given.

4. *Homicide—Affray brought on by prisoner—Plea of self defense unavailing.*— Where one commits a homicide in an affray brought on by himself, he cannot justify by showing that at the particular moment when the deed was committed he was acting on the defensive.

*Appeal from Holt Circuit Court.*

*Thomas H. Parrish, with Bennett & Vinton, Pike,* for Appellant.

I. Instruction 10 is without precedent. It assumes that the evidence proves the defendant guilty of murder, requiring the jury to find the degree only. (State vs. Smith, 53 Mo., 267; State vs. Hundley, 46 Mo., 415, 421–2; Schneer vs. Lemp, 17 Mo., 142; Fine vs. St. L. P. S. 30 Mo., 166; State vs. Cushing, 29 Mo., 215; Scroggin vs. Wilson, 13 Mo., 80; Labeaume vs. Dodier, 1 Mo. 618; Glasgow vs. Copeland, 8 Mo., 268; State vs. Packwood, 26 Mo., 363; Chappell vs. Allen, 38 Mo., 213; State vs. Ostrander, 30 Mo., 12.)

*James Limbird, Pros. Atty. Holt Co.,* for Respondent, relied upon State vs. Schoenwald, 31 Mo., 147; State vs. Starr, 38 Mo., 270.

WAGNER, Judge, delivered the opinion of the court.

The defendant was indicted for murder in the first degree in killing one William Dougherty, and his trial resulted in

conviction for murder in the second degree and he was sentenced to imprisonment in the penitentiary.

The evidence is brief and there is no conflict in it. It seems that a man by the name of Scott and the deceased were sitting upon a fence, and the defendant came out of a saloon and approached them. Scott then had some words with the defendant and told him that he was going to make a son of the deceased whip him when he got well. At this the defendant declared that "none of the d——d set" could do it. That he could whip any of them. The deceased then got off from the fence and told the defendant that he must not say that for he could not whip him.

Defendant then went down the sidewalk a short distance and had his knife opened and came back with it in his right hand, either in his pocket or holding it behind him. He then told the deceased that he had nothing against him, but if he wanted "to take it up to pitch in," or words to that effect, and threw out his left hand towards the face of the deceased. The deceased then gave him a blow that staggered him, and followed it with another that knocked him to his knees. He then raised himself and stabbed deceased in the heart, from the effects of which wound deceased expired in two or three minutes. There was also evidence of express malice and that the act was committed to gratify a previous grudge.

This was the evidence sworn to by many witnesses who witnessed the whole difficulty.

The defendant introduced no evidence on his part.

The court of its own instance gave ten instructions, all of which were objected to by defendant.

The first instruction was a mere abstraction—unnecessary—but it could do no harm. It simply told the jury that they should find their verdict according to the directions of the court and the evidence in the case.

The second instruction informed the jury that they were the judges of the evidence and the credibility of witnesses, and might give to the testimony such weight as they might deem it was entitled to. This was also unnecessary, as no

attempt was made to draw the testimony of any witness in question ; but as all the evidence was given on the part of the State, its only effect was to weaken the case for the prosecution—and it was therefore favorable to the defendant.

The third merely states that the defendant is charged with killing Dougherty ; and the fourth declares that the burden of proof is upon the State to prove the charge in the indictment, and that the defendant is presumed to be innocent until his guilt is proved beyond a reasonable doubt.

The fifth, seventh, eighth and ninth instructions related solely to murder in the first degree, and what was necessary to prove, to convict of that offense. They were unobjectionable and followed the law as laid down in repeated decisions of this court ; but as the defendant was not convicted of murder in the first degree, to which they were only applicable, it is needless to bestow upon them any consideration.

The sixth instruction was that if the jury believed from the evidence, that the defendant did not conceive and entertain the design or intention to kill the deceased until the moment or instant of the killing ; that is, if they believed that the killing was not thought of and determined upon until the fatal stroke was given, and that the defendant, at the time of giving the blow, intended to kill the deceased and did kill him, then they should find him guilty of murder in the second degree.

The statute, after defining what constitutes murder in the first degree says "all other kinds of murder at common law, not herein declared to be manslaughter, or justifiable or excusable homicide, shall be deemed murder in the second degree" (Wagn. Stat., 446, § 2). Under this statute where the killing is intentional, and does not amount to murder in the first degree, nor come within any of the grades of manslaughter or justifiable or excusable homicide, it is murder in the second degree. Such was the construction placed upon it, in the case of the State vs. Joeckel (44 Mo., 234) and approved in State vs. Saunders (53 Mo., 234) and the instruction here given substantially embodies this view.

The tenth instruction confines the jury in their verdict to either murder in the first or second degree, and in this there was no error. The evidence clearly shows that it was either one or the other. It is the established law in this State, that where, under the indictment, the accused may be convicted of murder in a particular degree, or of any of the less grades of homicide, where the evidence will warrant it, the court may, in its discretion, direct the jury by suitable instructions, that the case, as made by the evidence, is of a particular degree and will not justify a conviction for another or different one. (State vs. Schoenwald, 31 Mo., 147, per Scott, J.; State vs. Starr, 38 Mo. 270.)

We have therefore found nothing in the instructions of the court, which would warrant a disturbance of the judgment.

The defendant asked for seven instructions, and the court refused to give the second, third and fourth.

The second was to the effect that if defendant stabbed the deceased with a knife, but without any justification therefor, as explained by the court, but stabbed and killed him with a dangerous weapon in the heat of passion, induced by sufficient provocation, that is, by violence to his person, without a design to effect death, then the killing would be manslaughter in the third degree. This instruction was rightfully refused, because it was at variance with the evidence in the case. The defendant coolly brought on the whole difficulty. He left the company deliberately and went away in order to open his knife for ready use; he then came back with it in his right hand ready for use, and commenced the assault with his left hand; as soon as the deceased made the demonstration which was doubtless anticipated, he used his weapon with deadly effect. Under such circumstances he could not plead in mitigation of his own wrong.

The third and fourth instructions have reference to the law of self-defense, but as the defendant was the aggressor and brought on the difficulty, such a defense was not available.

The facts in the case are few and simple, and the instructions given by the court covered the whole case; and when

taken in connection with those given at the request of the defendant, were as favorable to him as the law would permit. His trial was fair, and we cannot interfere with the judgment.

The judgment is affirmed, the other judges concur.