State v. Foster.

## The State of Missouri, Respondent, vs. William Foster, Appellant.

1. *Indictment running in name of "State of Missouri" not fatally defective.*— An indictment is not fatally defective under section 26, Art. VI. of the Constitution of 1865, because headed "State of Mo.," instead of "State of Missouri." The injunction therein contained that all prosecutions shall be conducted in the name of the "State of Missouri," is directory merely, and a failure to comply with that requirement, is simply an irregularity cured by the statute. (Wagn. Stat., 420, § 15 ; See also, Id., 1090, § 27.)

2. *Practice, criminal—Instructions should be confined to the issues proved.*—Where the evidence all tends to prove a case of murder in the first degree, or justifiable homicide, it is proper for the court by its instructions to confine the attention of the jury to those issues.

3. *Criminal, practice—Instruction defining murder in first degree must include deliberation and premeditation.*—Under the statute (Wagn. Stat., 445) proof of wilful and intentional killing alone will not raise the presumption of murder in the first degree. To that end the proof must show such circumstances as will warrant the jury in finding that there was deliberation and premeditation. These circumstances need not be expressly proved, but the facts must appear from which their existence may be inferred. And an instruction omitting the latter terms of the definition is improper.

| | |
|---|---|
| 61 | 549 |
| 119 | 525 |
| 61 | 549 |
| 121 | 145 |
| 61 | 549 |
| 145 | 249 |
| 148 | 283 |
| 61 | 549 |
| 160 | 151 |
| 61 | 549 |
| 170 | 1630 |

### Appeal from St. Louis Court of Appeals.

*P. P. Stewart*, for Appellant, cited State vs. Bryant, 55 Mo., 79 ; State vs. Wyatt, 50 Mo., 310 ; State vs. Ostrander, 30 Mo., 17–20 ; State vs. Smith, 53 Mo., 271 ; Sloan's Case, 47 Mo., 604 ; State vs. Dunn, 18 Mo., 224 ; State vs. Hayes, 23 Mo., 324 ; State vs. Holme, 54 Mo., 161 ; State vs. Underwood, 57 Mo., 49 ; State Const., Art. I, § 18 ; Id., Art. VI, § 26 ; Lemon vs. State, 6 Am. Rep., 293 ; 5th Amend. to U. S. Const.

*Hockaday, Att'y Gen'l*, cited in argument, State vs. Jones, 20 Mo., 59 ; State vs. Dunn, 18 Mo., 421 ; State vs. Holme, 54 Mo., 153 ; State vs. Hays, 23 Mo., 287 ; State vs. Starr, 38 Mo., 270 ; Green vs. State, 13 Mo., 383 ; State vs. Byrne, 24 Mo., 151.

*W. L. Morsey & Nat. C. Dryden* cited in addition, Wagn. Stat., 420, § 15 ; Id., 1090–91, § 27 ; State vs. England, 19 Mo., 308 ; Greeson vs. State, 5 How., [Miss.] 33 ; Williams

vs. State, 30 Tex., 404; McBean vs. State, 3 Heisk. [Tenn.] 20; Dutell vs. State, 4 Greene, [Iowa] 125; 65 N. Car., 463; Wise vs. State, 2 Kans., 419; Woodsides vs. State, 2 How., [Miss.] 33; State vs. Hudson, 59 Mo., 138; State vs. Schoenwald, 31 Mo., 147.

WAGNER, Judge, delivered the opinion of the court.

This cause comes here for review from a judgment of the St. Louis Court of Appeals, affirming a conviction in the circuit court. The main errors assigned are the defectiveness of the indictment and the giving and refusing of instructions. It is insisted that the indictment is fatally defective because it uses the words "State of Mo.," instead of "State of Missouri," although the record shows that it was found by a grand jury at a regular term of the Warren county circuit court. By article VI, § 26, of the Constitution, in force when these proceedings were had, it is declared that "all writs and process shall run and all prosecutions shall be conducted in the name of the 'State of Missouri.'" All writs shall be attested by the clerk of the court from which they shall be issued; and all indictments shall conclude against the peace and dignity of the State."

The provision that all writs and process shall run in the name of the State of Missouri, has been held by the court to be directory only (Davis vs. Wood, 7 Mo., 162); and a failure to comply with the requirement is regarded as a mere irregularity. (Jump vs. Batton, 35 Mo., 193; Doan vs. Boley, 38 Mo., 449.) It is equally, however, imperative as to the injunction that prosecutions shall be conducted in the same name. If it is not absolutely essential that there should be a strict literal compliance in every particular, then our statute comes in and cures the defect, which declares that in all proceedings in courts of record such abbreviations as are commonly used in the English language may be used. (Wagn. Stat., 420. § 15.) The contraction or abbreviation of "Mo." for "Missouri" is so common and in such general use, that its meaning is brought home to and within the cognizance of

every one. Again, our statute provides that no indictment shall be deemed invalid for any defect or imperfection which does not tend to the prejudice of the substantial rights of the accused, on the merits. (Wagn. Stat., 1090, § 27.) There can be no pretence that the abbreviation of the word "Missouri" into "Mo." had any tendency whatever to prejudice defendant's rights. The prosecution was the same—conducted by the same power—and the objection is too technical to be sustained.

It is as well to remark that this careless manner of prosecuting officers in drawing indictments ought not to be encouraged. Surely, the labor of adding a few additional letters to a word is not so great as to furnish an excuse for their omission, and then render their indictments liable to objections and contentions.

Defendant raises an objection that the court erred in not giving his instruction upon murder in the second degree, but in looking into the record we find no evidence that would justify such an instruction.

The crime was obviously murder in the first degree, or it was nothing, and under the well settled law of this State, where the evidence all tends to prove a case of murder in the first degree, or justifiable homicide, it is proper for the court, by its instructions, to confine the attention of the jury to those issues. (State vs. Schoenwald, 31 Mo., 147; State vs. Starr, 38 Mo., 270.)

There was no error in the action of the court in refusing the instructions in reference to defendant's good character, for there was no evidence on which to base it.

The most important and material point relied on by defendant's counsel was the giving of what he designates as the fifth instruction for the prosecution. The record shows that the only instruction for the State was drafted and given by the court of its own motion. The whole charge appears as one entire instruction, covering all the elements of the offense and the nature of the crime. It first proceeds to tell the jury what is meant by wilful, malicious, premeditated and delib-

erate killing, and then says that to convict the prisoner of the crime charged, it must be proved to the satisfaction of the jury that the shooting or killing was felonious, wilful, malicious, premeditated and deliberate. The instruction then continues: "And the jurors are further instructed that if the prisoner wilfully and intentionally shot and killed the person mentioned and described in the indictment, and they so find from the evidence, then the law presumes, in the absence of any testimony, to the contrary, that such shooting and killing was deliberate, premeditated and malicious." It is this last clause just quoted to which the objection is taken, and it is contended that under our statute a wilful and intentional killing only amounts to murder in the second degree, and that to raise the grade to the higher offense of murder in the first degree, it is necessary to instruct the jury that they must not only find that the killing was intentional, but that it was deliberate and premeditated. Our statute, as has been repeatedly held, has changed the common law, which presumed from the simple act of killing that the crime was murder in the first degree, but now, according to our law, if nothing but the act of unlawful killing appears it is murder in the second degree.

To show the construction invariably placed upon the statute a few of the leading authorities may be appropriately referred to.

In the case of the State vs. Dunn, (18 Mo., 421), Judge Scott, speaking for the court, says: "Under the act, the unlawful killing is presumed to be murder, but not murder in the first degree. Whenever it appears from the whole evidence that the crime was, at the moment, deliberately and intentionally executed, the killing is murder in the first degree." The same doctrine is re-affirmed and approved in the State vs. Starr (38 Mo., 270).

In the State vs. Holme (54 Mo., 153), it was declared that from the simple act of killing the law would presume that it was murder in the second degree; but that whenever it appeared from the whole evidence, that the crime was at the

moment deliberately or intentionally executed, the killing was murder in the first degree. Again, in the case of the State vs. Underwood (57 Mo., 40), it was held, "that to constitute murder in the first degree, it was necessary that circumstances of wilfulness and deliberation should be proven. That the proof, however, need not be express or positive. It might be deduced from all the facts attending the killing, and if the jury could reasonably and satisfactorily infer from all the evidence, the existence of the intention to kill, and the malice of heart with which it was done, it was sufficient."

In making the decisions we have but followed the law as construed in the State of Pennsylvania, whence our statute was derived. I will refer to two cases adjudicated in the court of that State, one being among the earliest and the other the latest. In the first case, decided in the early days of the commonwealth, the meaning of the statute and its proper construction was thoroughly discussed. In the opinion it is declared: "Whenever it appears from the whole evidence that the crime was at the moment deliberately or intentionally executed, the killing is murder in the first degree. It is sufficient to constitute this crime, if the circumstances of a wicked and depraved disposition of mind, or, as it is expressed in the law, if wilfulness and deliberation are proven, though they arose and were generated at the period of the transaction. This construction of the law is certainly a sound one, because it is perfectly agreeable to the words; and the intention, as it ought, still remains and constitutes the essence of the offense." (Commonwealth vs. Dougherty 1 Bro. App., 21).

In the Commonwealth vs. Dunn, (58 Penn. St., 9) Mr. Justice Agnew, in speaking of murder in the first degree, described as wilful, deliberate and premeditated, said that many cases had been decided under that clause, in all of which it had been held that the intention to kill was the essence of the offense. Therefore, if an intention to kill existed, it was wilful; if the intention was accompanied by such circumstances as evidenced a mind fully conscious of its own purpose and design, it was deliberate, and if sufficient time was afforded

to enable the mind fully to frame the design to kill, and to select the instrument, or to frame the plan to carry the design into execution, it was premeditated. The law fixed upon no length of time as necessary to form the intention to kill, but left the existence of a fully formed intent as a fact to be determined by the jury from all the facts and circumstances in evidence. The proof of the intention to kill, and of the disposition of mind constituting murder in the first degree under the act rested on the commonwealth; but it was not necessary that the proof should be express or positive. It might be inferred from the circumstances. If from all the facts attending the killing, the jury could reasonably, fully and satisfactorily infer the existence of the intention to kill, and the malice of heart with which it was done, they would be warranted in so doing.

Our statute makes wilful, deliberate and premeditated killing murder in the first degree. Wilful simply means intentional. Therefore, where an intention to kill exists, it is wilful; whilst intention is of the essence of the offense, something more is required. It must be accompanied by such circumstances as will warrant the jury in finding that there was deliberation and premeditation. These circumstances need not be expressly proved, but facts must be shown from which their existence may be inferred.

In Underwood's case (57 Mo., 40) there was an instruction that if the killing was by shooting, the law presumed that it was intentional, and it would be murder in the second degree. This instruction was in this court approved, and is in consonance with all the cases construing the statute.

Deliberation and premeditation are never presumed; they must be shown in order to make out the offense; they are a part of its constituent elements. It is true they may be deduced from all the facts attending the killing, and if the jury can reasonably and satisfactorily infer their existence from all the evidence, they will be warranted in finding that the offense of murder in the first degree was committed. But to say that they exist as presumptions, would be to nullify and

State v. Foster.

repeal the statute, and restore the rule as it prevailed at common law. The law was correctly laid down by the court in one part of the instruction, when it told the jury that before they could convict the prisoner of murder in the first degree, they must find that he did the killing willfully, deliberately and with premeditation. This was in accordance with the statute. But the further instruction that, if the shooting and killing was willful and intentional, then, in the absence of testimony to the contrary, the law presumed such shooting and killing was deliberate, premeditated and malicious, was manifestly erroneous, and in direct conflict with the statute and the authorities construing it.

Wherefore the judgment will be reversed and the cause remanded. All the other judges concur, except Judge Vories, who is absent.

————o————

PER WAGNER, J., ON MOTION FOR RE-HEARING.

The counsel for the State has filed a motion for a re-hearing in this case, on the ground that the opinion is in conflict with the prior decisions of this court. But this is an utter misapprehension. So far from being in conflict, it is in complete harmony with them.

The law is definitely and consistently settled in this State, settled upon principles that are at once just to the prosecution and the accused, and we are unwilling to unsettle it by sanctioning a new departure from it.

The statute makes a willful, deliberate and premeditated killing murder in the first degree. But no case has ever declared, that where the killing was merely willful, or intentional, or in other words, not accidental, that deliberation and premeditation, the main ingredients of the offence, followed as a presumption of law. The law makes no such presumption, and no decision founded upon the statute gives the slightest countenance to the doctrine. The deliberation or

premeditation need not be expressly proved. The intention or deliberation with which the act was done may be inferred by the jury from all the circumstances. But it is for them to draw their conclusions, and make their findings, from the facts in evidence.

This doctrine has so often been announced that it seems like a work of supererogation to re-state it.

The motion will be overruled.