STATE OF MISSOURI, Respondent, vs. JEPHTHA LANE, Appellant.

1. *Murder in first and second degrees—Facts necessary to constitute—Deliberation, premeditation and malice—Proof and presumptions as to.*—Under our statute he who uses a deadly weapon with fatal effect and with a manifest deadly purpose having sufficient time—be it long or short—to deliberate and fully form the purpose of killing, and without sufficient reasonable cause to apprehend immediate personal violence, or other sufficient cause or extenuation, is guilty of murder in the first degree. To that end deliberation, premeditation and malice, are not to be presumed but must be proved. The proof, however, need not be direct but may be shown by circumstantial evidence such as the above, and deduced by the jury from all the facts in the case.

In murder in the second degree, deliberation and premeditation need not be shown, but only malice. And from the simple act of killing, the law will presume malice.

2. *Practice, criminal—Homicide—Different grades—For what defendant may be tried under indictment—Question of grade when for jury—Instructions—Should be confined how—What will warrant reversal.*—Under an indictment for murder in the first degree defendant may be convicted of either murder in the first or in the second degree, or in any of the degrees of manslaughter of which the evidence may show him to be guilty. And where from the evidence the question of the grade is doubtful, the court may properly leave it to the jury to determine, under instructions defining the different grades to which the proof may apply.

In such indictment if the evidence shows murder in the first degree and no other the court may confine its instructions to that grade and refuse to instruct as to any other. And an instruction as to other grades, in the absence of evidence applying thereto, will warrant a reversal.

3. *Instructions—Refusal of not error, when.*—The refusal of instructions substantially incorporated in those given is not error.

## *Appeal from Bates County Circuit Court.*

*C. C. Bassett,* for Appellant, cited: State vs. Phillips, 24 Mo. 475; State vs. Starr, 38 Mo. 270; State vs. Harris, 59 Mo. 550.

*J. L. Smith, Att'y Gen'l,* for Respondent, cited: State vs. Schoenwald, 31 Mo. 157; State vs. Philips, 24 Mo. 486; State vs. Sloan, 47 Mo. 615; State vs. Underwood, 57 Mo. 49; State vs. Starr, 38 Mo. 270; State vs. Holme, 54 Mo. 53; State vs. Joeckel, 44 Mo. 236; State vs. Stockton, 61 Mo. 383; State vs. Harris, 59 Mo. 550; State vs. O'Connor, 31 Mo. 389.

NORTON, Judge, delivered the opinion of the court.

The defendant was indicted in the circuit court of Bates county at its July term, 1876, for murder in the first degree, in killing one John W. Morton.

He was tried at the November term of said court and convicted of murder in the second degree and his punishment assessed at ten years imprisonment in the penitentiary.

Exceptions were duly taken to the action of the court in over-ruling a motion for a new trial, and an appeal was prayed for and allowed to this court.

The only point presented for our consideration is as to the action of the trial court in giving and refusing instructions ; and as those given by the court relating to murder in the first and second degrees are especially complained of we copy them herein. They are as follows,

1. " Murder in the first degree as charged in this indictment consists in wilful, deliberate and premeditated killing with malice aforethought. Malice to constitute murder in the first degree consists in the actual and deliberate intention unlawfully to take the life of another.

There must be an actual intention to kill, and if such intention exists it is wilful. If such intention is accompanied by such circumstances as evidence a mind fully conscious of its own purpose and designs it is deliberate, and if sufficient time is afforded to enable the mind fully to frame the design, select the instrument by which death is accomplished or to frame the place to carry this design into execution, it is premeditated.

He who uses a deadly weapon by which death is produced with a manifest design so to use it, with sufficient time to deliberate and fully to form a conscious purpose of killing, and without reasonable cause to apprehend immediate personal violence to himself, is guilty of murder in the first degree. And if the jury are satisfied and find from the evidence that the said John W. Morton was in said Bates county, shot and killed, and that defendant wilfully, deliberately, premeditatedly and with malice aforethought, as these terms are before defined, committed said

acts of shooting and killing, then he is guilty of murder in the first degree. The law fixes on no length of time to form this intention to kill, but leaves the existence of a fully formed intent as a fact to be determined by the jury from all the facts and circumstances in evidence.

If the defendant had time to think and did intend to kill for a moment as well as for an hour or day, then the killing is a wilful, deliberate and premeditated killing, and when the act is committed wilfully and deliberately, with the means and instruments calculated to produce death, then the malice requisite to murder will be presumed, unless defendant had reasonable cause to apprehend a design on the part of the deceased to do him some great personal injury, and there was reasonable cause to apprehend immediate danger of such design being accomplished without the fault of defendant.

2. " Murder is in either the first or second degree. To constitute murder in the first degree, the act which produced the death must be wilful, deliberate, and premeditated, and to constitute murder in either degree the act which produced the death must have been done in malice. Where the circumstances of deliberation and malice are not proved, the law will only presume the killing to be murder in the second degree."

It is said by counsel for the defendant that the above instructions do not distinguish correctly between murder in the first and second degrees ; and that if the distinction was properly stated the evidence in the case shows the crime to have been either murder in the first degree or justifiable homicide, and that for these reasons the second instruction ought not to have been given.

The instructions complained of very clearly and specifically, and in terms which could not. be misunderstood by the jury, point out the difference between these two offences, and in giving them the trial court followed the views of this court as expressed in the following cases. (State vs. Dunn, 18 Mo. 419 ; State vs. Starr, 38 Mo. 270 ; State vs. Underwood, 57 Mo. 49 ; State vs. Hudson, 59 Mo. 135 ; State vs. Foster, 61 Mo. 549 ; State vs. Holme, 54 Mo. 153.) In the latter case Judge Wagner re-

marks, that " from the simple act of killing, the law will pre-
sume that it was murder in the second degree only.    To raise
it to a higher grade of murder in the first degree, there must
be some circumstances shown from which the jury can find
that it was done with wilfulness and premeditation." *   *   *
" The language of the court has uniformly been that under
our statute, unless the circumstances of malice are proved, the
law will presume the unlawful killing murder of the second degree."
*   *   " Whenever it appears from the whole evidence that the
crime was at the moment deliberately and intentionally done it is ·
murder in the first degree." In Foster's case *supra* it is said that in
the case of Underwood *supra* an instruction that if the killing was
done by the shooting the law presumed that it was intentional
and that it would. be murder in the second degree, was by the
court approved and was in consonance with all the cases constru-
ing the statute.

J udge Wagner speaking for the court in the Foster case ob-
serves that " our statute makes wilful, deliberate and premeditated
killing murder in the first degree.  ' Wilful ' simply means ' inten-
tional.'  Therefore, when an intention to kill exists it is wilful.
Whilst intention is of the essence of the offence something more
is required.   It must be accompanied by such circumstances as
will warrant the jury in finding that there was deliberation and
premeditation.   These circumstances need not be expressly proved,
but facts must be shown from which their existence may be
inferred."

The elements which enter into the offence constitute the distin-
guishing features between murder of the first and second degree.
To make murder in the first degree, the elements of deliberation
and premeditation must be found to exist, whereas in murder in
the second degree there need be no deliberation or premeditation
but only malice.

Viewing the instructions given in this case, and to which our
attention has been specially called, in the light of the authorities
above quoted, we think the law was correctly declared by them and
the court fully warranted in giving them.   ·      ` ,

It is insisted by counsel that the instruction in regard to murder in the second degree should not have been given, because the evidence established either a case of murder in the first degree or justifiable or excusable homicide.

It has been held by this court that in trials for murder in the first degree deliberation and premeditation are never presumed, that they must be shown in order to make out the offense—they are a part of its constitutent elements. They may be deduced from all the facts attending the killing, and if the jury can satisfactorily and reasonably infer their existence from all the evidence, they will be warranted in finding that the offense of murder in the first degree was committed.

It is for the jury to draw their conclusions and make their findings from all the facts in evidence. (State vs. Foster, 61 Mo. 549.)

Inasmuch, therefore, as the existence of deliberation and premeditation are facts to be proved to the satisfaction of the jury, either by the direct or circumstantial evidence, we do not perceive that error was committed by the court in instructing the jury, that if these facts did not appear in evidence or were not proved the law would presume the killing to be murder in the second degree.

While the evidence in the case strongly tended to show a case of wilful, deliberate, and premeditated killing on the part of defendant, there are circumstances developed in the history of the case as the evidence discloses it from which the jury might well have reached the conclusion they arrived at.

The evidence tends to show that on the day of the killing, angry and threatening words passed between defendant and deceased, that deceased had threatened to kill defendant; that about the time of the shooting, which took place on the night of July 15, 1876, between eight and nine o'clock, deceased was sitting on the tongue of a reaping machine at the edge of a side walk in the town of Butler—and was cursing and abusing defendant who it appeared was acting as deputy marshal of the town; that a number of persons were present; that while Morton the

deceased was thus abusing defendant he passed along the side walk and beyond the deceased.

Several witnesses testified that as defendant passed deceased, the deceased said that defendant had starved his wife and child, that defendant soon after fired his pistol in the direction of deceased, that deceased sprang from his seat towards defendant and that several shots were fired between the parties, defendant discharging his pistol four or five times, and deceased firing one or more shots. During the affray deceased received the wounds of which he died. From the evidence in the case the court might well, as it did, instruct the jury as to the facts constituting murder both in the first and second degrees, and refer to them, as it did, the finding of the facts necessary to be proved by them before defendant could be convicted in either degree. Under an indictment for murder in the first degree the defendant may be convicted of either murder in the second degree or of any of the degrees of manslaughter of which the evidence may show him to be guilty, and it is entirely within the province of the court to instruct the jury as to what facts are necessary to constitute murder in either of its degrees, or any of the degrees of manslaughter to which the facts of the case in evidence might apply. If the evidence makes out a case of murder in the first degree and applies to that kind of killing and no other the court would commit no error in confining its instructions to that offense, and refusing to instruct either as to murder in the second degree or manslaughter in any of its various degrees. And when an instruction is given for any less grade of offense, and there is no evidence upon which to base it. this court would be justified in reversing the judgment for such an error. In the case we are considering there was evidence of unlawful killing, by shooting with a pistol, done under such circumstances as not to constitute manslaughter in any of its degrees, and we think that the instruction relating to murder in the second degree was not improperly given, as the evidence might be applied either to murder in the first or second degree.

The instructions given by the court in the place of those refused on the part of defendant gave to defendant the full benefit

of the law of self defence as repeatedly declared by this court and it is wholly unnecessary to review them in detail.

It appears to us from the whole record in this case that the verdict of the jury is sustained by the evidence and the judgment entered thereon will not be disturbed.

Judgment affirmed the other judges concurring.