THE STATE OF MISSOURI, Respondent, v. GEORGE GASSERT, ALIAS MITCHELL, Appellant.

### May 15, 1877.

1. Every murder committed, by any kind of wilful, deliberate, or premeditated killing, or committed in the perpetration or attempt to perpetrate a felony, is murder in the first degree; all other kinds of murder, at common law, not declared by the statute to be manslaughter, or justifiable or excusable homicide, are murder in the second degree.

2. Except where the homicide is committed in the perpetration or attempt to perpetrate a felony, deliberation, premeditation, and an intent to kill are essential elements of the crime of murder in the first degree.

3. Where the use of a deadly weapon, aimed at a vital part, is proved, an intention to kill will be presumed; but deliberation and premeditation must be

proved, — not expressly proved, but there must be proof of facts from which their existence may be fairly inferred.

4. Malice is the intentional doing of a wrongful act, and the use of a deadly weapon, aimed at a vital part, raises a presumption of malice.

5. Malice is of the essence of the crime of murder in the second degree, but an intent to kill is not, though not inconsistent with it.

6. If there is an intent to do bodily harm, but not to kill, or if there is an intent to kill, but no deliberation or premeditation is proved, or is fairly inferrible from the circumstances of the case, it is murder in the second degree, except as excepted in the statute.

7. In the absence of a deadly weapon, and where there is heat of blood, caused by sufficient provocation, a sudden homicide, committed before the mind has time to act and realize the gravity of the offence, if not justifiable or excusable, is manslaughter.

APPEAL from St. Louis Criminal Court.

*Affirmed.*

F. D. TURNER, for appellant : Deliberation and premeditation are necessary elements in the crime of murder in the first degree. — *The State* v. *Hudson*, 59 Mo. 135 ; *The State* v. *Foster*, 61 Mo. 549 ; *The State* v. *Holme*, 54 Mo. 153. There must be an intention to kill, to constitute the crime of murder in the second degree. — *The State* v. *Underwood*, 57 Mo. 40. Malice. — 23 Mo. 325 ; *Dozier* v. *The State*, 26 Ga. 156 ; *The Commonwealth* v. *Drew*, 4 Mass. 391 ; *Head* v. *The State*, 44 Miss. 731. Not presumed from the mere fact of killing. — *Maher* v. *The People*, 10 Mich. 212 ; *The State* v. *Porter*, 34 Iowa, 131. Manslaughter. — *Coffee* v. *The State*, 3 Yerg. 283 ; *Roberts, alias Ward*, v. *The State*, 14 Mo. 138.

L. B. BEACH, Circuit Attorney, for respondent.

BAKEWELL, J., delivered the opinion of the court.

The defendant was indicted for the murder of one John Cummings, by striking him over the head with a wooden club. On the trial he was convicted of murder in the second degree, and sentenced to the penitentiary for ten years.

The evidence showed that on September 9, 1875, defend-

ant, with another young man, at about half-past seven o'clock in the evening, and after dark, entered a bar-room in the city of St. Louis, where they had an altercation with the bar-keeper, during which defendant flourished a stick about three feet long and about an inch and a half thick.   Imme-diately after defendant and his companion left the bar-room, the deceased, who was a policeman on the adjoining beat, having temporary charge of the beat in which the bar-room was situated, entered and enquired about the disturbance, and was told by the barkeeper that he was afraid of the men in question, and the barkeeper at the same time re-quested the policeman to arrest the men or to keep them away from the saloon.   About fifteen minutes after the offi-cer left the bar-room he was carried in again, with his skull fractured from a blow above the right ear, from which he shortly afterwards died.   Those who witnessed the occur-rence testified that the blow was struck by defendant ; that at the time of the blow defendant and deceased were con-versing on the southwest corner of Jefferson Avenue and Morgan Street, the corner on which the bar-room was situ-ated.   This corner was somewhat dark, the gas-light being on the other side of the street.   The witnesses do not agree as to the relative position of the parties at the time of the blow.   One witness swears that the policeman was struck from behind ; others say that the deceased and defendant were standing face to face.   The defendant was left-handed. The policeman had his club in his right hand when he was struck, and appeared to be conversing with defendant. According to the testimony of one witness, who was close at hand, the blow was struck just as the officer turned his head to reply to the salutation of a passing acquaintance.

In this State every murder committed by any kind of wil-ful, deliberate, or premeditated killing, or committed in the perpetration or attempt to perpetrate any felony, is murder in the first degree.   By the same statute all other kinds of murder at common law, not declared to be manslaughter or

justifiable or excusable homicide, are declared to be murder in the second degree.

It is manifest, therefore, from the language of the statute, that to constitute murder in the first degree there must be deliberation, premeditation, and the will and intention to kill, unless when the homicide is committed in the perpetration or attempt to perpetrate a felony. If any of these elements are wanting, the offence cannot be murder in the first degree. Without detailing the varieties of homicide which the statute declares to be excusable or justifiable, or which it classes under the four several degrees of manslaughter, it is enough now to say that the homicide described by the witnesses was murder, and not manslaughter, and that the court committed no error in not instructing as to any of the degrees of the latter offence.

If the defendant was not guilty of murder, he was guilty of no crime known to our law, as is plain on consideration of the different grades of homicidal crime named in the Code ; but to say that the wanton killing of an unoffending citizen — of an officer of the peace, in the discharge of his duty — is not punishable in Missouri, is absurd.

Murder at common law, according to the definition of Coke, is "when a person of sound memory and discretion unlawfully killeth any reasonable creature in being and under the king's peace, with malice aforethought, either express or implied." 3 Inst. 47. And as to the ingredient of malice, all homicide is malicious, and amounts to murder at common law, unless when justified by the command or permission of the law, excused on account of accident or self-preservation, or alleviated into manslaughter by being either the involuntary consequence of some act not strictly lawful, or, if voluntary, occasioned by some sudden and sufficiently violent provocation ; and these circumstances of alleviation, justification, or excuse the prisoner must make out to the satisfaction of the jury. 4 Bla. Com. By malice, at common law, is not meant necessarily an

actual intention to kill, for murder may be committed without the slightest homicidal intent, — as, when one intends to commit another felony, and undesignedly kills another, it is murder.

At common law the presumption is that a homicide is murder. There is no presumption in Missouri that homicide is murder in the first degree. Deliberation and premeditation are essential elements of that crime, and they must be proved; they cannot be presumed. They need not be expressly proved, but facts must be shown from which their existence may be inferred. *The State* v. *Foster*, 61 Mo. 549.

The court, in the case before us, instructed the jury as to murder in its two degrees, as known to our law. Although the prisoner was convicted of the lesser offence, yet any serious error in declaring the law as to either grade of the offence would warrant a reversal of the judgment. We think that no such error exists.

The only instruction given to the jury in this case was the written charge given by the court, of its own motion, as one entire instruction, and defining murder in the first and second degrees.

This instruction first explains the terms " wilful," " deliberate," " premeditated," and " malicious," and says that there is no murder in the first degree where any one of these elements is wanting. The instruction then says that, as a general rule of law, every homicide is presumed to be malicious. To this we see no objection. Malice is defined in the instruction to be the intentional doing of a wrong act. The law always presumes that a man intends the necessary consequences of his acts. In case of homicide with a deadly weapon, aimed at a vital part, an intention to kill and an evil disposition are presumed. As we have said, deliberation and premeditation are not presumed.

The instruction then proceeds to say that there is no presumption of malice where the weapon is not deadly in its nature, and that in the case before them the jury cannot,

therefore, presume malice, but must determine, from the character of the weapon used and all the circumstances of the case, whether malice existed or not.

The instruction then tells the jury that in this case they must find from the evidence that the killing was wilful, deliberate, premeditated, and malicious, or there is no murder in the first degree; but that these elements need not be directly shown by positive evidence, but may be inferred by the jury from the circumstances of the case.

So far the instruction seems to be unexceptionable, and in strict conformity with the rulings of the Supreme Court in *The State* v. *Foster*, 61 Mo. Counsel for appellant asserts that the instruction is erroneous, in that it leaves deliberation and premeditation to be presumed. But this is mere assertion. The instruction nowhere says or intimates that they may be presumed, but does expressly say that they cannot be presumed, but that they may be inferred where the evidence warrants such an inference; and that is the law on this matter in this State.

The court then proceeds to define murder in the second degree, and to this instruction counsel for appellant very strenuously objects. We find, however, on referring to *The State* v. *Joeckel*, 44 Mo. 234, that this instruction is copied word for word from the instruction given in that case, where the Supreme Court says of it that it is a clear, precise, and accurate definition of the offence as known to our law, and that it correctly distinguishes between the offences of murder in the first and murder in the second degree. This instruction declares that murder in the second degree is where there is no intention to kill, and that the distinction between the two degrees of murder is this: that in murder in the first degree there is an intention to kill, and in murder in the second degree there is not an intention to kill.

It is contended by counsel for appellant that there can be no murder in the second degree except where the intent to

kill is apparent, or may be reasonably inferred from the circumstances; that there can be no such inference where the homicide is committed by a sudden blow with a weapon not deadly in its character, and where no other circumstances indicating homicidal intent are shown. If this view be correct, it is manifest that murder in the second degree is an offence wholly distinct from murder as the word is used by the common-law writers, and that what is murder at common law is not even murder in the second degree in this State, and that many common-law murders are offences for which, with us, no punishment is provided, or are, at best, misdemeanors and offences of the most trivial class.

The intention to kill, it is insisted, is of the essence of all murder, and it is neither charged in the indictment, nor shown on the trial, that the homicide was committed with a deadly weapon; but this, it is claimed, is necessary to sustain a conviction, because the intent to kill will never be presumed, but must appear from the character of the weapon, the part of the person at which the weapon was directed, or the circumstances of the case.

And it is strongly insisted by counsel for appellant that, in several cases which he cites from the Reports of this State the law is plainly declared that only the intentional killing of a human being is murder, whether in the first or second degree, and that the distinction between the two grades of crime is not the intention or want of intention to kill, as laid down in the instruction, but the existence or non-existence of deliberation and premeditation; and that where the homicidal intent is not expressly shown, or plainly to be inferred from circumstances in evidence, there is, and can be, no murder.

It may be, and we believe it is, impossible by any ingenuity to reconcile all the sayings on the distinction between murder in the first and second degree, to be found in the Missouri Reports. It will not be surprising, therefore, if the instruction given on that subject in this case is

found to be at variance with some *dicta* here and there. But that instruction is expressly sanctioned in *The State* v. *Joeckel,* — a case that has never been overruled, and never criticised or mentioned with disapprobation. It is a recent decision, having been made in 1869, and has been cited with approbation in a very recent case. *The State* v. *Hudson,* 59 Mo. 135 (1875). It is not for us to reverse a case for error on the ground of an instruction expressly sanctioned less than two years ago by the Supreme Court, and standing unreversed.

It may be well to consider some of the decisions of our Supreme Court which are said by counsel to be at variance with each other, or with the case cited of *The State* v. *Joeckel.*

In *The State* v. *Hays,* 23 Mo. 323, it is said that the law presumes killing with a spade to be murder in the second degree, on account of the intention manifested by the use of the weapon ; and it is said that proof of an intention to kill, when no justifiable cause is shown, establishes the malice necessary to sustain a conviction for murder in the second degree.

In *The State* v. *Dunn,* 18 Mo. 424, Judge Scott says, delivering the opinion of the court : " Under the act, unlawful killing is presumed to be murder, but not murder in the first degree. Whenever it appears from the whole evidence that the crime was at the moment deliberately or intentionally executed, the killing is murder in the first degree ; as, if one, without uttering a word, should strike another on the head with an axe, this would be deemed premeditated violence, within our act ; it will constitute the offence if the circumstance of wilfulness and deliberation were proven, although they arose and were generated at the period of the transaction. If the party killing had time to think, and did intend to kill for a minute, as well as an hour or a day, it is a deliberate, wilful, and premeditated killing, constituting murder in the first degree ; so that, under the

statute, there is no foundation for the notion that the crime must have been preconceived some time before its perpetration." But in *The State* v. *Hudson*, 59 Mo., the instruction approved by the court declares that " if the killing was not thought of and determined upon until the fatal stroke was given, and that the defendant, at the time of giving the blow, intended to kill the deceased, and did kill him, then it is murder in the second degree."

In *The State* v. *Holme*, 54 Mo. 153, Judge Wagner says that from the simple act of killing the law presumes murder in the second degree, and that the language of the . Supreme Court has uniformly been that, under the statute, unless malice is proven, the law presumes the unlawful killing murder in the second degree. In *The State* v. *Underwood*, 57 Mo. 49, the weapon was deadly, and an instruction was given that, if the defendant killed M. with a gun loaded with powder and bullet, the law presumes the killing to be intentional, and it was murder in the second degree, in the absence of proof to the contrary. Judge Wagner, for the court, says: " The instruction is unobjectionable. To constitute murder in the first degree it is necessary that circumstances of wilfulness and deliberation should be proven." In *The State* v. *Porter*, 61 Mo. 552, it is held that, in the absence of deliberation and premeditation, a wilful and intentional killing is murder in the second degree.

In a case cited above, decided in 1875, where the homicide was committed by directing a deadly weapon to a mortal part, — the victim was stabbed to the heart, — Judge Wagner, speaking for the court, says: " Under the statute, where the killing was intentional, and does not amount to murder in the first degree, nor come within any of the grades of manslaughter, or justifiable or excusable homicide, it is murder in the second degree." And it is also said in that case that if the murder was not thought of or determined upon until the fatal stroke was given, and that

defendant, at the time of giving the fatal blow, intended to kill, and did kill, the deceased, it is murder in the second degree. It is in this case (*The State* v. *Hudson*, 59 Mo. 137) that the instruction given in *The State* v. *Joeckel* — from which the instruction given in the case at bar is textually copied — is mentioned with approval. That instruction is as follows, and whether it can or can not be reconciled, to the complete satisfaction of counsel, with the sentences which we have quoted from other decisions of the same court, we think it must be treated as the law of this case until it is reversed :

" The distinction between murder in the first degree and murder in the second degree lies in the intention with which the act of killing was done. Where a homicide has been committed, and there was an intent to do the act, then, in the absence of any circumstance of excuse, justification, or extenuation recognized by law, it is murder in the first degree. But if the party did not intend to kill, but assaulted and killed with malice, as this term is known to the law, then the offence is murder in the second degree. Malice, as known to the law, does not mean spite, ill-will, or dislike, as it is ordinarily understood, but, as applicable to this case, it means the intentional doing of a wrongful act without just cause or excuse. In order to convict the defendant of murder in the second degree, you must be satisfied to believe from the evidence that M. H. was killed by the means and in the manner specified in the indictment ; that he came to his death by violence inflicted on him by defendant, and that such violence was inflicted on him wilfully — that is to say, not by accident — and with malice, as above defined. If, therefore, you believe and find from the evidence that defendant, in St. Louis County, feloniously, wilfully, and with malice, killed M. H., in the manner and by the means specified in the indictment, you will find him guilty of murder in the second degree, and assess his punishment," etc.

This instruction has been declared, and is still declared,

by the highest tribunal in the State, to be entirely accurate. It must necessarily be interpreted, therefore, as taking for granted the elements of deliberation and premeditation, and speaking only to the question of malice.   Otherwise, if it says that intentional homicide, in the absence of circumstances of excuse, etc., is murder in the first degree, it flatly contradicts *The State* v. *Underwood*, 57 Mo., *The State* v. *Foster*, 61 Mo., *The State* v. *Hays*, 23 Mo., and a host of cases, which maintain that deliberation and premeditation are not presumed from the use of a deadly weapon, but that the intention to kill is ; and that deliberation and premeditation must, in every case, be proved in order to constitute murder in the first degree.   On any other theory of interpretation it is, of course, directly in the teeth of *The State* v. *Holme*, 54 Mo., *The State* v. *Underwood*, 57 Mo., and a multitude of cases, which hold that, where there is an intent to kill shown, but no deliberation or premeditation, it is murder in the second degree.   Understand the instruction (as you must) as speaking of deliberate and premeditated homicide, and it is not in disaccord with the current of decisions.

It is true that it may be plausibly argued, from what is said in some of the reported cases in Missouri, that strict logical consistency would seem to require that it should be held that intention to kill is of the essence of murder in the second degree ; in which case the instruction now under consideration could not be maintained, unless such portions of the doctrine of these cases is to be laid aside.   It may be said, with great appearance of reason, that when it is declared that the specific difference between the two degrees of murder consists merely in the elements of deliberation and premeditation, — that murder in the first degree is merely murder in the second degree with these elements added ; that every homicide is, in this State, presumed to be murder in the second degree, and that, when deliberation and premeditation are proved, the homicide is raised to the grade of murder in the first degree ; and that, in

murder in the first degree, the intention to kill must always exist, — intention to kill is declared to be of the essence of murder in the second degree. But, however this may be, the Supreme Court of this State does not seem to have so decided, nor do we know that it is expressly and unequivocally said in any opinion of that court that intention to kill is of the essence of the crime of murder in the second degree; whilst, in the Joeckel case, it is expressly declared to be not of the essence of that crime, and the distinction between the two degrees of murder, where premeditation and deliberation are proved to exist (for this must be supposed), is explicitly declared to be the existence or non-existence of the intention to kill.

It is of the utmost importance to the well-being of the community, and to the administration of criminal justice throughout the State, that there should be no uncertainty in the rulings of those authorized to interpret the law, especially when there is question of the crime of murder. The rule laid down in the Joeckel case, and embodied in the instruction in the case at bar, seems to be one of great practical utility; it has been clearly adopted, and we do not see why it should be departed from. If it be said that the intention to kill is of the essence of murder in the second degree, it might become practically impossible to convict of any grade of crime one who committed homicide under the circumstances of the case at bar. The only sections of the Criminal Code, other than that defining murder in the second degree, which have the slightest appearance of providing for the punishment of such an offence are sections 7 and 18 (Wag. Stat. 446, 447).

Section 7 declares the killing of a human being, without a design to effect death, by one engaged in the perpetration of an offence below the grade of felony, where such killing would not be murder at common law, to be manslaughter in the first degree. But, to bring the case within this section, the defendant must have been engaged in committing an

offence other than that of intentional violence upon the person killed. *The State* v. *Sloan*, 47 Mo. 604.

The 18th section declares every killing of a human being, by the act, procurement, or culpable negligence of another, which would be manslaughter at common law, and which is not excusable or justifiable, or not already provided for in the act, to be manslaughter in the fourth degree. But manslaughter at common law can only be where there is heat of blood or sufficient provocation, which mere words can never be ; and if a deadly weapon is used, there can be no manslaughter at common law. In the case, therefore, of a murderous blow with a stick, given without any provocation whatever, and resulting in death, the homicide would go scot-free on any other interpretation of the statute than that given to the section under consideration by the Supreme Court in the Joeckel case, and the offence, which is of frequent occurrence, would be a *casus omissus*.

To constitute the crime of murder in the second degree there must be malice, — that is, there must be an intention to do an act wicked, mischievous, and unlawful in itself, and calculated to do great bodily harm, — but there need not necessarily be an intention to kill. The actual intention to kill is not necessary, at common law, to constitute murder. The malicious intent to do grievous bodily harm, as collected from the circumstances of the homicide, is sufficient at common law to warrant a conviction of murder ; but it is not so, with us, as to murder in the first degree. To convict of murder in the first degree, in Missouri, there must be an intention to kill, to be inferred, at least, from the circumstances of the case ; to convict of murder in the second degree, that degree of malice must appear, or be inferrible from the circumstances, which the common law requires in every case of murder, but the intent actually to kill may or may not exist. It is not of the essence of the crime of murder in the second degree, as known to our law. It must exist in murder in the first degree, and is not incon-

sistent with murder in the second degree. It is always presumed from the use of a deadly weapon, — an axe, a pistol, or a knife, — directed to a vital part. Premeditation and deliberation raise the crime to murder in the first degree, where the weapon is deadly and aimed at a vital part. If the better nature of a man has time to assert itself, if there is time to reflect, if there is the least deliberation, the homicide cannot be murder in the second degree, where the weapon is deadly, and aimed at a vital part. In the absence of a deadly weapon, and where there is heat of blood, caused by a sufficient provocation, — as, a blow, — a sudden homicide, committed before the mind has time to act and to realize the gravity of the offence, falls below the grade of murder altogether, as known to our law, and, if not excusable or justifiable homicide, is manslaughter in some one of its four degrees.

The homicide before us is one in which neither premeditation, deliberation, nor an intent to kill are proved, and in which none of these elements will be presumed; there is, also, a total absence of any evidence of a sufficient provocation, or of heat of blood. Such a homicide would be murder at common law, because at common law, if a man kills another without provocation, malice is implied (4 Bla. Com. 199); and the common law does not distinguish, as our statute does, between an absolute purpose to kill and the purpose to do a grievous injury to the person; so that, if the accused assault his neighbor, intending to beat him severely, and destroys his victim, though that was not his intention, he commits murder as much as if he ran him through with a sword. Roscoe's Cr. Ev. 709. The use of a weapon calculated to produce great bodily harm is enough at common law; and if the blow is struck maliciously, and not incautiously, it is murder. East P. C. 257. So that it is murder at common law if one kills another by throwing a stone into a crowd, or riding a kicking horse through a crowd of people. 1 Hale's P. C.

145. But all kinds of murder at common law, not declared to be manslaughter, justifiable or excusable homicide, or murder in the first degree, are murder in the second degree in Missouri. The offence committed in this case falls within this definition, and it would have been murder at common law, to constitute which crime an actual intent to kill is not necessary, if a malicious intent to do a lesser injury exists. The conviction was therefore right, and the instruction given is one of which the accused cannot complain.

Murder in the first degree, under our statute, is clearly distinguished from murder at common law; to constitute the offence, except where the homicide is committed in perpetrating another felony, the elements of deliberation, premeditation, and homicidal intent must exist, and be proved or inferred from the circumstances of the case. If there is an intent to do bodily harm, but not an intent to kill, it is murder in the second degree, except as excepted in the statute. If there is an intent to kill, but no deliberation or premeditation proved, or fairly inferrible from the circumstances of the case, it is murder in the second degree, except as before excepted. If it is said that, where there is an intention to kill, the homicide is murder in the second degree, the court must be understood as speaking of a case where deliberation is absent. If it is said that, where there is an intent to kill, the homicide is murder in the first degree, it is to be understood only of a homicide committed with deliberation, and having all the elements of murder in the first degree. If it is said that murder in the first and second degrees are distinguished by the presence or absence of the intent to kill, this is not to be so interpreted as to eliminate from murder in the first degree its essential element of deliberation, which must in all cases be shown in order to constitute the offence.

It is not, therefore, accurate to say that murder in the first degree is murder in the second degree, or murder at

common law, with the additional element of deliberation or premeditation, not presumable, but proved; for, to constitute murder in the first degree, an intent, not merely to do grievous bodily harm, but to kill, must be expressly shown, or fairly inferrible from the circumstances, — as, from the use of a deadly weapon, aimed at a vital part. If these principles are kept in mind, the apparent contradiction in some of the cases reported in this State will be found, we think, to be more verbal than real.

There is nothing in the suggestion of counsel for the appellant that if the deceased was attempting illegally to arrest the defendant he was engaged in the commission of a misdemeanor, which would reduce the killing of him to the crime of manslaughter; because there is no evidence tending in any degree to show such a state of facts.

The defendant makes some points as to the admission of evidence which do not, we think, require particular notice. The record discloses no error, in this respect, which could prejudice defendant, or warrant a reversal of the case.

We regret not to have had the advantage in this case of any brief or argument, oral or written, on behalf of the State.

The judgment of the Criminal Court is affirmed. All the judges concur.