THE STATE v. GASSERT, APPELLANT.

1. **Murder in the Second Degree:** PRESUMPTION OF. From the simple act of killing, the law presumes murder in the second degree. It is equally well settled that an intention to kill, is one of the elements of murder in the second degree, and that one can not be convicted of that offense unless he intentionally committed the homicide.

2. **Manslaughter in the Second Degree.** Where there was an altercation between defendant and deceased, and, in a heat of passion, defendant struck deceased a blow on the head with a stick, which resulted in the death of deceased, *held*, that the trial court committed error in refusing to instruct the jury as to manslaughter in the second degree, when asked to do so by defendant.

*Appeal from St. Louis Court of Appeals.*

*F. D. Turner*, for appellant.

In order to constitute murder in the second degree, under our statutes, there must at least be an intent to kill, inferable from all the facts and circumstances in the case. *State v. Foster*, 61 Mo. 549; *State v. Hudson*, 59 Mo. 135; *State v. Underwood*, 57 Mo. 40. Whenever there is any doubt as to the grade of the offense, it is the duty of the court clearly and distinctly to instruct the jury as to the law, defining

the several grades of homicide, and then to leave the jury to find from the evidence of which particular grade the defendant is guilty. Archbold's C. L. P. & P., p. 918; *Crawford v. State*, 12 Geo. 142; *State v. Kirkwood*, S. C. (Rec.) 14, p. 230. The court erred in refusing to instruct as to manslaughter.

*Jackson L. Smith*, Attorney General, for respondent.

From the simple act of killing, the law presumes it to be murder in the second degree. *State v. Foster*, 61 Mo. 549. The evidence does not show the defendant guilty of any of the four several grades of manslaughter defined by our statute, and unless the defendant is guilty of murder, he is guilty of no crime known to our laws. The instructions relating to murder in the second degree are copied, word for word, from the instruction given in the case of *State v. Joeckel*, in which the court said that it was a clear, accurate and precise definition of murder in the second degree, and correctly pointed out the distinguishing feature between the two grades of murder. 44 Mo. 234.

Counsel for appellant now contends that there can be no murder in either degree, unless a specific intention to kill existed at the time the fatal blow was given. If this is so, it is manifest that murder in the second degree is an offense entirely different from murder as the word is used by the common law writers, and what is murder at common law is a crime in this state for which no punishment is provided, or at best, is but a misdemeanor. It may be that among the many murder cases in the Missouri Reports, the appellant's counsel may find some *dicta* here and there holding that only the intentional killing of a human being is murder. But, since the case of *State v. Joeckel, supra*, has been decided, it has never been criticised nor mentioned with disapprobation. On the contrary, it was expressly sanctioned in cases of *State v. Saunders*, 53 Mo. 234, and *State v. Hudson*, 59 Mo. 135. The theory of the case of *State v. Joeckel*, is in full harmony with the late cases of

*State v. Lane*, 64 Mo. 319, and *State v. Evans*, 5 Cent. L. J. 12. When A kills B, the law presumes that the crime is murder in the second degree, from the simple act of killing. *State v. Evans, supra*, and cases cited.

In order to make the crime murder in the first degree, circumstances must be proved from which the intent to kill, deliberation and premeditation may be inferred. *State v. Foster, supra*. If it it said that the intention to kill is of the essence of murder in the second degree, it would be practically impossible to convict of any grade of crime one who committed homicide under the circumstances of the case at bar. It does not come within any of the degrees of manslaughter, and therefore, if the case of *State v. Joeckel*, and all the subsequent cases are erroneous, then in case of a murderous blow with a stick, given without any provocation, and resulting in death, the homicide would go scot free. To say that this is the law of Missouri, is absurd! The deduction from all these cases is, that to convict of murder in the first degree in Missouri, there must be an intention to kill, to be inferred at least from the circumstances of the case; to convict of murder in the second degree, that degree of malice must appear, or be inferable from the circumstances, which the common law requires in cases of murder, but the intent actually to kill may or may not exist. It is not of the essence of the crime of murder in the second degree under our statute. It must exist in murder in the first degree, and is not inconsistent with murder in the second degree.

HENRY, J.—It has so often been decided by this court that, from the simple act of killing, the law presumes murder 1. MURDER IN THE SECOND DEGREE: presumption of. in the second degree, that it is no longer an open question, in this state, whatever doubts may have been formerly expressed on the subject. *State v. Holme*, 54 Mo. 153; *State v. Hudson*, 59 Mo. 137; *State v. Foster*, 61 Mo. 552; *State v. Kring*, 64 Mo. 594; *State v. Lane*, 64 Mo. 319. Speaking for myself only, I think it

extremely difficult to reconcile the doctrine with those cases, in which it has been held by this court, that premeditation means thought of beforehand for any length of time however short; that malice is the intentional doing of a wrongful act without just cause or excuse, and that willful means intentional; but it must now be taken as settled notwithstanding this seeming conflict between the cases. The case of the *State v. Joeckel*, 44 Mo. 234, in which a different doctrine was announced, was substantially, though not expressly, overruled in the *State v. Holme*, 54 Mo. 153; *State v. Hudson*, 59 Mo. 137, and the *State v. Foster*, 61 Mo. 552; in which the opinions of the court were delivered by the same judge, Wagner, who delivered that in the *State v. Joeckel*. These cases were followed in the *State v. Lane*, and the *State v. Kring*, and this court is not inclined to re-open the question.

We think it equally well settled by the adjudged cases in this State, that an intention to kill is one of the elements of murder in the second degree, and that one cannot be convicted of that offense unless he intentionally committed the homicide. See cases above cited. In this case the jury were instructed that "if the party killing did not intend to kill, but assaulted and killed with malice, as that term is known to the law, then the offense is murder in the second degree." The defendant was convicted of murder in the second degree. The Court of Appeals, by Bakewell, J., in his able opinion says: "If it is said that the intention to kill is of the essence of murder in the second degree, it might become practically impossible to convict of any grade of crime one who committed homicide under the circumstances of the case at bar." If the question were an open one, that consideration would be of great weight in determining the proper construction of that section of our statute, which makes the distinction betwixt murder in the first and murder in the second degree; but taking it as settled by repeated decisions of this court, and correctly, that an intention

2. MANSLAGHTER IN THE SECOND DEGREE.

to kill is of the essence of murder in the second degree; it is not for this court, or the Court of Appeals, to make laws for the punishment of an act for which the legislature has not seen proper to provide a punishment. But we think there is no ground for the apprehension expressed by the Court of Appeals.

Section 11 of Art. 2 of the act in relation to crimes and punishment, defines manslaughter in the second degree to be the "killing of a human being without a design to effect death, in a heat of passion, but in a cruel or unusual manner, unless it be committed under such circumstances as to constitute excusable or justifiable homicide." Sec. 13 defines manslaughter in the third degree to be "the killing of another in a heat of passion without a design to effect death by a dangerous weapon, in any case except such wherein the killing of another is justifiable or excusable." In this case there was altercation between defendant and deceased, and in a heat of passion defendant struck deceased a blow on the head with a stick, which resulted in the death of the deceased. The court was asked to instruct the jury in regard to manslaughter in the second and third degrees, which the court refused. We are of opinion that the jury should have been instructed as to manslaughter in the second degree, and because the court refused so to instruct, and told the jury that whether defendant intended to kill deceased or not, they might find him guilty of murder in the second degree, the judgment of the Court of Appeals is reversed, and the cause remanded to the Saint Louis criminal court. All concur.

REVERSED.