## THE STATE v. LEWIS, *Appellant.*

### Division Two, November 21, 1893.

1. **Criminal Law:** MURDER IN SECOND DEGREE. The evidence reviewed and *held* to support a conviction of murder in the second degree.

2. **Criminal Practice:** INSTRUCTIONS. While it is the duty of the trial court to instruct on all the law applicable to the case, yet it should confine its instructions to the offenses made out by the evidence.

3. ———: DEFENDANT AS AGGRESSOR: SELF-DEFENSE. The law on the right of self-defense in cases where the defendant begins the assault, with and without a felonious intent, stated.

4. ———: INSTRUCTION: HARMLESS ERROR. An erroneous instruction on self-defense is no ground for reversal where the evidence shows no such defense.

5. ———: DEFENDANT AS A WITNESS. The fact that the defendant testifying in his own behalf was cross-examined relative to matters that he did not testify to in his direct examination is no ground for reversal, where the cross-examination was on immaterial matters and in no way tended to prejudice the jury.

6. ———: ———. Refusal to submit to defendant his testimony taken before the committing magistrate before interrogating him in regard thereto constitutes no ground for reversal where the questions were immaterial and the answers were confimatory of what he testified to in chief and in no way tended to his prejudice.

7. ———: EVIDENCE. It is not error to strike out testimony that deceased two weeks prior to the killing had a gun, as such evidence was immaterial.

8. ———: ARGUMENT: JUDICIAL DISCRETION. It is within the discretion of the trial court to refuse to require the prosecuting attorney to close his argument before the jury immediately following the conclusion of the argument of the defense, though there may be ample time to do so.

*Appeal from Platte Circuit Court.*—HON. W. S. HERNDON, Judge.

AFFIRMED.

*William Forman* and *John W. Coots* for appellant.

(1) The verdict was against the evidence, and was clearly the result of passion or prejudice. *State v. McNamara*, 100 Mo. 117, and authorities cited. (2) The court erred in failing to instruct the jury as to manslaughter. *State v. Gassert*, 65 Mo. 352; *State v. Wilson*, 98 Mo. 440; *State v. McKinzie*, 102 Mo. 620. It is the duty of the court to give proper instructions, whether they are asked or not. *State v. Mathews*, 20 Mo. 55; *State v. Brooks*, 92 Mo. 542; *State v. Palmer*, 88 Mo. 568; Revised Statutes, 1889, sec. 4220. (3) The ninth instruction given on the motion of the state was clearly erroneous; it omits the element of defendant's felonious intent. *State v. Partlow*, 90 Mo. 608; *State v. Talmage*, 107 Mo. 543. (4) The court erred in permitting the defendant to be cross-examined upon matters not referred to by him in his examination in chief. Revised Statutes, 1889, sec. 4218; *State v. McGraw*, 74 Mo. 573; *State v. Porter*, 75 Mo. 171; *State v. Turner*, 76 Mo. 350; *State v. Patterson*, 88 Mo. 88; *State v. Chamberlain*, 89 Mo. 129. (5) The court erred in striking out of the evidence the possession of a gun by deceased two weeks before the homicide.

*R. F. Walker*, Attorney General, for the state.

(1) Counsel for defendant insist that the testimony is insufficient to support the verdict and the

judgment predicated thereon.  The well-established rule in this state is that, when the testimony is sufficient, in the judgment of the trial court, to warrant the submission of the question of defendant's guilt or innocence to the jury, and they have found him guilty, such action will not be reviewed here unless it clearly and affirmatively appears that this discretion and judgment have been abused.  *State v. Moxley*, 115 Mo. 644; *State v. Jackson*, 106 Mo. 181;  *State v. Lowe*, 93 Mo. 547; *State v. Hicks*, 92 Mo. 432; *State v. Hammond*, 77 Mo. 158; *State v. Gann*, 72 Mo. 374; *State v. Musick*, 71 Mo. 401;  *State v. Orrick*, 106 Mo. 111.  (2) No error was committed by the trial court in refusing to instruct the jury as to manslaughter in the third degree.  Instructions had been given for murder in the first and second degrees, manslaughter in the fourth degree, and self-defense.  An instruction for manslaughter in the third degree would have been unwarranted and unsupported by the testimony.  No rule is better settled in this state than that no instruction should ever be given that is not supported and authorized by the evidence.  *State v. Chambers*, 87 Mo. 406; *State v. Thompson*, 83 Mo. 257;  *State v. Gerber*, 80 Mo. 94;  *State v. Parker*, 106 Mo. 225;  *State v. Bulling*, 105 Mo. 220;  *State v. Herrell*, 97 Mo. 106; *State v. McKinzie*, 102 Mo. 620;  *State v. Degonia*, 69 Mo. 485.  (3) The ninth instruction given upon the part of the state clearly defines the law as to self-defense, and is not subject to the criticism suggested and urged by counsel for appellant.  It was unnecessary that this instruction should define the felonious intent of the defendant, this proposition having been submitted in other instructions already given.  (4) The cross-examination of the defendant was entirely legitimate.  While, it may be true, not in the same

language, yet his cross-examination was restricted to the subject-matter about which he testified in his examination in chief.

BURGESS, J.—At the December term, 1892, of the circuit court of Platte county, the defendant was convicted of murder in the second degree, for shooting and killing one, Alf. Spencer, and, after an unsuccessful motion for a new trial, he appealed to this court.

The facts, as they appear from the record, are as follows: Deceased and defendant, previous to the killing, had a difficulty, when the deceased went before a justice of the peace and had a warrant issued for defendant upon authority of which he was arrested; he was afterwards taken before the magistrate and released until a subsequent day. A few minutes after his release defendant, Sank Modesty, Charles Corbin and Warren Fields were standing on a corner of a street in Platte City, when deceased came along with his overcoat on, with his right hand in the right pocket, and passed between the parties when defendant said to him, "howdy, Alf.;" and deceased replied, "You son-of-a-bitch," whereupon the deceased started to turn around facing defendant, making at the same time an effort to pull his hand out of his pocket, when defendant drew his pistol and shot deceased in the head back of the left ear, the ball ranging forward and upward, lodging in the temporal bone on the opposite side of the head, killing him instantly.

On the same evening he was arrested, and when asked by the officer having him in charge what he killed Alf. for, replied, "Well, I thought I had just as soon kill him now as any time." There had been bad feelings existing between the parties for some time and threats had been made by each one against the other which had been communicated to them. After the death of

Spencer, a slung shot was found tied to his right arm, his hand still being in his pocket.

The court instructed for murder in the first and second degrees, on self-defense and refused to instruct for manslaughter in the third degree when asked to do so by defendant.

The first ground insisted upon by the counsel for the defendant for a reversal of the cause is, that the verdict was against the weight of the evidence and clearly the result of passion or prejudice. This contention is not borne out by the facts in the case, as disclosed by the evidence, which shows a clear case of murder upon the part of the defendant.

Another contention is, that the court should have instructed for manslaughter in some of the degrees, but no suggestion is made in defendant's brief as to what degree or what evidence authorized or entitled defendant to such an instruction. While it was the duty of the court to give instructions covering the whole law arising on the facts, whether asked or not, as held by this court in the cases of *State v. Gassert*, 65 Mo. 352; *State v. Wilson*, 98 Mo. 440; *State v. McKinzie*, 102 Mo. 620; it was also its duty to confine its instructions to the case made out by the testimony. *State v. Brady*, 87 Mo. 142; *State v. Wilson*, 88 Mo. 13. There was no evidence whatever upon which to predicate an instruction for manslaughter in any degree. There was not a particle of evidence tending to show that the homicide resulted from the heat of passion induced by lawful provocation. On the part of the state the testimony would have well warranted the jury in finding a verdict for murder in the first degree. *State v. Kloss*, 117 Mo. 591. On the part of the defendant the testimony tended to show that he acted in self-defense. The trial court gave instructions embracing within their scope murder in the first and second degrees, and embracing

the theory of self-defense, and this was all, under the evidence, to which defendant was entitled. The homicide, as disclosed by the evidence, was either murder in the first or second degree, unless committed in self-defense, and to this extent the instructions covered the entire case.

The ninth instruction given at the instance of the state, was as follows:

"The court instructs the jury that the law does not permit a person to voluntarily seek or invite a difficulty or combat, or put himself in the way of being assaulted, in order that when hard pressed he may have a pretext to take the life of his assailant; and, if you believe from the evidence that the defendant voluntarily sought or brought on or invited the combat or difficulty in which the said Alf. Spencer lost his life, or that he provoked or commenced or brought it on by any willful act of his own, or that he voluntarily entered into the difficulty of his own free will, then you are not authorized to acquit the defendant on the ground of self-defense."

The criticism on this instruction is, we think, well founded. To voluntarily enter into a difficulty without any felonious intent or not for the purpose of wreaking malice or inflicting great bodily harm, does not make the person so doing guilty of murder. If there be mutual combat without any felonious intent, and death ensues therefrom, the offense is only manslaughter. "Where, however, the defendant in a criminal case provokes the difficulty or begins the quarrel with the purpose of taking advantage of the deceased and of taking his life or doing him some great bodily harm, then there is no self-defense in the case, however imminent the peril of the defendant may become in consequence of an attack made on him by the deceased, and when the defendant kills the deceased under such

·circumstances he is guilty of murder in the first degree.'' *State v. Gilmore*, 95 Mo. 554; *State v. Davidson*, 95 Mo. 155; *State v. Partlow*, 90 Mo. 608; *State v. Hays*, 23 Mo. 287; *State v. Packwood*, 26 Mo. 340; *State v. Berkley*, 92 Mo. 41; *State v. Parker*, 96 Mo. 382. After instructions similar to the one now under consideration have been so often condemned by this court it is somewhat strange that trial courts will persist in committing the same error, in failing to follow the rule of law so often announced. As commending the rule laid down in the *Partlow case* see *Hark v. Commonwealth*, 13 S. E. Rep. (Va.) 405, 406; *Menley v. State*, 26 Texas, 274. A similar doctrine is announced in *Johnson v. Commonwealth*, by the Kentucky court of appeals. 23 S. W. Rep. 507.

In the first instruction given by the court at the instance of the defendant, the law of self-defense is ·clearly defined and is quite favorable to the defendant. 'This instruction is not in harmony with number 9, the ·one on the same subject given on the part of the state, and for this reason the case would have to be reversed but for the fact that the defendant suffered no damage from the error, because there was no evidence of self-defense in the case, as was said by this court in the case of *State v. Gilmore, supra.* ''At the time defendant drew his pistol and fired his danger was not imminent; his adversary had drawn no weapon and no weapon was drawn by him. The right of the defendant to defend himself did not arise until he. had done everything in his power to avoid the necessity of shooting his adversary. If he could safely have avoided using his weapon he was not justified in using it.'' *State v. Johnson*, 76 Mo. 121. At the time defendant shot deceased, he, deceased, seems to have been unoffending, making no effort to assault the defendant; at any rate there was no such demonstrations of assault or

overt act in this case as sometimes forbids retreat and justifies instantaneous action. 1 Wharton on Criminal Law, sec. 486a; 1 Bishop on Criminal Law, sec. 872.

Furthermore, that there was no self-defense in this case is shown by defendant's own conduct and his statement to the deputy sheriff, who asked him what he killed Alf. for, when he replied: "Well, I thought I had just as well kill him now as any time." He was the aggressor and at no time acted in self-defense.

It is further contended that the court committed error in permitting the defendant to be cross-examined in regard to matters that he did not testify to in his examination in chief. This contention does not seem to be borne out by the record in the case; and, while it may be true that the cross-examination was not in the same language, yet his cross-examination was restricted to the same matters about which he testified to in chief or matters that were immaterial, and certainly in order to justify the reversal of the cause on the ground that the defendant was cross-examined with reference to matters to which he had not testified in his examination in chief, such cross-examination must have been in regard to some material matter, or something which had a tendency to prejudice the jury against the defendant or his case; and no such cross-examination was had in the case at bar.

The ends of justice would not be subserved by the reversal of the cause simply because the prosecuting attorney asked the defendant on his cross-examination some trivial question in regard to some matter of no consequence, with reference to which he had not referred in his examination in chief and which could not possibly have had any prejudicial effect on the minds of the jury.

Nor was the prosecuting attorney required to submit to the defendant his testimony taken before the

committing magistrate on his preliminary trial before interrogating him in regard to statements made by him on that occasion, for the reason that all the questions asked by the state in regard thereto were immaterial and the answers of defendant confirmatory only to what he had testified to in his examination in chief on the trial of the case at bar, and had no tendency whatever either to discredit or contradict him. *State v. Avery*, 113 Mo. 475. Had it been otherwise, the objection would have been well taken. 1 Greenleaf on Evidence, secs. 463, 464, 465; *Prewitt v. Martin,* 59 Mo. 325.

There was no error committed in ordering all reference to the gun in the hands of deceased two weeks before the homicide, as testified to by the witnesses, Armstrong and Brooks, to be stricken out, as it was immaterial.

Nor was there any error in the refusal of the court to require the prosecuting attorney to close the argument before the jury, immediately following the close of the argument for the defense, though there may have been ample time to do so, as this was a matter in the sound discretion of the court, and it does not appear that such discretion was not properly exercised.

The indictment is well enough and no objections have been suggested to any defect in it except in a general way, and we have not been able to discover any. The judgment is affirmed. All concur.