THE STATE v. BROWN, *Appellant.*

Division Two, November 7, 1898.

1. **Murder:** SELF-DEFENSE: HARMLESS ERROR. If it is doubtful that an instruction upon the theory that the killing was done in self-defense was authorized by the evidence, the defendant can not complain because such instruction was given.

2. ———: INSTRUCTIONS: PRACTICE. Instructions reducing the grade of the crime from murder in the first degree to manslaughter in the second degree or to manslaughter in the fourth degree, ought not to be given if there is no evidence on which to base them.

*Appeal from Jackson County Criminal Court.*—HON. JOHN W. WOFFORD, Judge.

AFFIRMED.

*Roberts & Roberts* for appellant.

*Edward C. Crow,* Attorney-General, *Sam B. Jeffries,* Assistant Attorney-General, and *W. W. Graves* for the State.

(1) The instructions given are complained of, but they are such as have met with the approval of this court. Practically the identical instructions have been passed upon by this court. *State v. Smith,* 114 Mo. 406. (2) The instructions refused were properly refused. (*a*) There is no evidence in the case upon which to give an instruction for manslaughter in the second degree. In fact, defendant's testimony is along the line of self-defense. R. S. 1889, sec. 3469; *State v. Lewis,* 118 Mo. 79; *State v. Gassert,* 65 Mo. 352; *State v. Bulling,* 105 Mo. 204. (*b*) There is no evidence upon which to base an instruction for manslaughter in the fourth degree. *State v. Bulling,* 105 Mo. 204.

BURGESS, J.—Defendant, a negro, was convicted in the criminal court of Jackson county for murder in the first degree. From the judgment and sentence he appealed.

A brief statement of the facts is that defendant shot and killed with a pistol at Jackson county on the first day of April, 1896, Henry Prater, who was also a negro. About noon of that day defendant went to the house of one Ella Williams, and remained there until the homicide occurred, which was about 5 o'clock and 30 minutes of that evening. Just before the killing took place, deceased went to the Williams house, and inquired if Brown was there, and was informed by some member of the family that he was not. He then went away, but again returned a short time thereafter, and again inquired if Brown was there. Brown who was in the house at the time heard deceased inquiring for him on this occasion, and went out of the door with pistol in hand and said to him, "Here I am—do you want me, you-son-of-a-bitch," and began firing at deceased, who threw up his hands and asked defendant not to kill him, and about the time the second shot was fired turned and ran a short distance and fell, and died a few minutes thereafter. Defendant pursued him with a pistol in hand until deceased fell. The ball that killed Prater entered on the right side of the body, a little above and from one to two inches of the right nipple, passed through the upper portion of the left lung and came out of the body between the third and fourth ribs, just below the shoulder blade.

Deceased was not armed.

Defendant claimed that the killing was done in self-defense, and it was upon this theory that the case was tried. The court instructed for murder in the first

and second degrees, and upon the theory that the defendant shot and killed deceased in defense of his own person.

Defendant asked the court to instruct the jury that if they found defendant guilty it must be for manslaughter in the second or fourth degrees, which it refused to do.

Defendant is not represented in this court, but in his motion for a new trial several grounds for the reversal of the judgment are assigned. A number of these are without merit, not having the slighest ground upon which to predicate them, so that we will give them no further notice, but turn our attention to those which seem to be worthy of consideration.

Murder in the first and second degrees were properly defined in the instructions, which were in accord with the repeated and uniform rulings of this court. It is doubtful if the instruction upon the theory that the killing was done in self-defense was authorized by the evidence, but this, if an error at all, was in favor of defendant and he can not complain. There was no evidence that the killing was done without a design to effect death, in a heat of passion, so as to reduce the offense to manslaughter in the second degree as defined by section 3469, Revised Statutes 1889, and in the absence of such evidence there was no error in refusing defendant's instruction upon that theory of the case. *State v. Lewis*, 118 Mo. 79; *State v. Bulling*, 105 Mo. 204. The same may be said with respect to defendant's refused instruction for manslaughter in the fourth degree; there was no evidence upon which to base it.

The seventh and eighth instructions should not have been given, but upon the whole the case was very fairly presented to the jury. The killing was without the slightest justification or excuse, a willful, deliberate

State v. Brown.

murder, and the jury would have been remiss in the discharge of their duties, and unmindful of their obligation as jurymen had they not so found.

Defendant not only shot to death his pleading and fleeing victim, but pursued him with the instrument of death in hand until deceased fell prostrate upon the ground, bent upon taking his life if he had not already done so. Defendant had a fair and impartial trial, and should suffer the penalty imposed upon him by law for its transgression.

The judgment is affirmed. GANTT, P. J., and SHERWOOD, J., concur.